Ruffin, C. J.
 

 This Court concurs in the opinion given by his Honor. We have held at the present term, in the case of
 
 Den on demise of Grandy
 
 v.
 
 Morris,
 
 that, until the act of 1820, the place for the sale of land under execution was in the discretion of the sheriff, whether it was the premises or elsewhere. Therefore the sale to the defendant was good, unless avoided by one of the three acts mentioned. They all enact, as the general law for the State at large, that the court-house shall be the place of sale. But the county of Currituck, doubtless from its situation and form, is excepted in the acts themselves from the operation of the general enactment. The act of 1820 provides, in the third section, that sales in that county shall be held at the usual place of holding the petit musters. It is upon this provision, that the plaintiff insists, that the sale on the premises was unlawful. So it would be if the act of 1820 was still in force.
 
 *439
 
 But the act qf 1821, after re-enacting that the courthouse shall be the place of sale, and that the day may be any Monday, proceeds in the fourth section to enact, “ that the provisions of this act and the provisions of the act of 1820, entitled an act, &c. shall not apply to the counties of Currituck, &c., and that, so far as regards the counties aforesaid, the before-recited act (that is of 1820,) is hereby repealed.” .The act of 1820 being thus repealed, as to Currituck, and that county being in the act itself exempted from the operation of the act of 1821, the case is at common law, and is governed by the rule already laid down by the Court. But it is said, that the meaning of the act of 1821 was, as far as respects Currituck, to repeal the general enactment as to the court-house being the place of sale, but not the special provision, which made the muster-ground the place of sale in that particular county. That, however, cannot possibly be so. There is an apparent absurdity in the idea, that the enacting part of a statute is repealed, except a single provision, which is in the nature of a proviso to the general enactment. Besides, the third section of the act of 1820 expressly exempts Currituck out of the operation of the previous part of the act, and therefore the act of 1821 could not have been intended further to exempt it. Moreover, the 4th section of the act of 1821 not only says that its provisions and those of 1840, c. 32, shall not apply to Currituck, but goes further and says, “ that the before-recited act,” that is, the act of 1820, and the whole of it — “is hereby repealed, as far as regards Currituck.” It is very clear, therefore, that no place of sale is designated for this county in either of those acts ; and the remaining one, that of 1822, c. 25, again, in the fourth section, excepts Currituck and some other counties from its application. It is well settled, that one part of a statute may be public in its nature, while another is local and private, and we think, that those parts of these acts, which concern “ particular
 
 *440
 
 counties” merely, are to be taken to be of the latter kind, and are therefore saved by the act of 183G,
 
 Rev. St. c.
 
 1,
 
 s.
 
 8.
 

 Pee Curiam. Judgment affirmed.