Battle, J.
 

 The power of the Court of Pleas and Quarter Sessions of Beaufort county to order the establishment of a ferry at the placo indicated in the pleadings, notwithstanding its propinquity to the toll-bridge of the defendants, is clearly settled by its authority, and cannot now be disputed.
 
 Smith
 
 v.
 
 Harkins,
 
 3 Ire Eq., 613;
 
 Charles River Bridge
 
 v.
 
 Warren Bridge,
 
 11 Peters, 420.
 

 This power is one of the attributes of the sovereignty of the State, which is to be exercised by the Legislature itself, or by any agent whom that body may authorize to act for it. The County Courts were selected as such agents by the act
 
 *120
 
 of 1784, (ch. 227, sec. 1, of the Rev. Code, of 1820,) see Rev. Stat, ch. 104, sec. 1; Rev. Code, ch. 101, sec. 1 ; and plenary power of the subject was conferred upon them.
 
 Smith
 
 v.
 
 Harkins, supra.
 
 It is true that no authorized person can keep a ferry, or transport for pay any person or his effects, within ten miles of any ferry on the same liver or water which theretofore may have been appointed. Rev. Code, ch. 101, sec. 30. We presume the same prohibition extends to the protection of a toll-bridge which may be erected in the stead of a ferry, under the provision of the 28th section of the act. But this does not take from the County Court the power to authorize the establishment of another ferry, or the erection of another toll-bridge at any place, no matter how near the former, which the public convenience may require; and of that the-County Court is the sole judge. But this power of the court is necessarily subordinate to that of the Legislature, and wherever that body prohibits the grant of the franchise of a ferry or toll-bridge by the County Court at any particular place, it puts an end to the court’s power of granting such franchise at that place. The defendants have proposed to avail themselves of this rule to defeat the present suit, and have accordingly produced an act of the General Assembly, ratified the 11th day of December, 1866, and accepted by the principal defendant two days afterwards, which expressly prohibits any other toll-bridge or any ferry from being placed within three miles of the Washington toll-bridge. The counsel for the plaintiffs objects that the act, which is entitled “ An act to amend the charter of the Washington toll-bridge company ” is a private one; that it was passed after the decision of this cause in the Superior Court; and that, being a private statute, this, court cannot take notice of it.
 

 It must be admitted that if the statute be a private one Ave cannot, on account of our organization as an appellate tribunal only, take judicial notice of it, because there is no
 
 *121
 
 means by which it can properly be brought to our attention. See
 
 State
 
 v.
 
 Rives,
 
 5 Ire., 297, at p. 314. Aware of this difficulty, the counsel for the defendants contends that the act in question is a public statute — what is called a public local act. The distinction between a public and a private statute has always existed, is fully established and the line of demarcation is well defined, but yet it is in many cases difficult to determine on which side of the line a particular act must be placed. In the case at bar, however, we are saved the trouble of investigation, because it is settled by authority in this State that an act in relation to a particular ferry or toll-bridge is a private act. Thus the act of 1858, ch. 11, which relates to the toll-bridge over the Perquimons river at the town of Hartford, was treated as a private act iu the case of
 
 Saunders
 
 v.
 
 Hathaway,
 
 3 Ire., 402. So, the acts of 1764 and 1784, in favor of William Dry and Benjamin Smith respectively, under the authority of which two ferries and a road across Eagle’s island, opposite the town of Wilmington, were established, were recently held to be private statutes. '
 
 Taylor
 
 v.
 
 Wilmington & Manchester R. R. Co.,
 
 4 Jon., 277. As the act which the counsel of the defendants has proposed to bring to our attention cannot be judicially noticed by us it cannot have any effect upon our decision. We do not find any error in the record before us, and we must affirm the judgment of the court below. This decision will not preclude the defendants from bringing the act in question in a proper manner to the attention of the Superior Court and offering it as an objection to the granting of any order for the establishment of the proposed ferry.
 

 As the matter stands here the judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.