THE TOWN OF DURHAM v. THE RICHMOND AND DANVILLE RAILROAD COMPANY and the NORTH CAROLINA RAILROAD COMPANY.

*Corporation—Statute, Public and Private—Evidence—Case on Appeal—Printing Record.*

1. The statute (chapter 82, Laws of 1848-'49) incorporating the North Carolina Railroad Company is a private act; and it is error to permit it to be read and commented on to the Court or jury until it has been properly introduced as evidence.

2. The rules require that the appellant shall print the case on appeal, and where that has been settled by the trial Judge, and will exceed twenty printed pages, the Court will order that the appellant, if successful in his appeal, be allowed to tax the costs of the extra necessary printing against the appellee.

3. The attention of trial Judges is directed to evils resulting from the insertion of unnecessary matter in cases on appeal, especially when stenographic reports are made of the trial.

CIVIL ACTION, tried at Fall Term, 1890, of CHATHAM Superior Court, *MacRae, J.,* presiding.

There was a verdict and judgment thereon for the defendants, from which the plaintiff appealed.

In the argument to the Court and jury, the counsel for the defendants began to read the charter of the North Carolina Railroad Company, being Laws of 1848–'49, ch. 82. Objection was at once made by plaintiff, because the charter had not been offered in evidence. The objection was overruled on the ground that it was a public act of which the Court would take judicial notice, and his Honor allowed said charter to be read and commented on, both to the Court and jury, without the same having been introduced in evidence. The plaintiff excepted and assigned this ruling as error.

*Messrs. John Devereux, Jr.,* and *W. W. Fuller,* for plaintiff.
*Messrs. D. Schenck, F. H. Busbee, J. W. Graham* and *W. A. Guthrie,* for defendant.

MERRIMON, C. J.—after stating the facts: We are constrained to grant a new trial in this case upon the ground that the charter (Acts 1848–'49) of the defendant, the North Carolina Railroad Company, is a private statute, and, the the plaintiff objecting, the Court erroneously allowed the defendants to read and comment upon the same to the jury without having first put it in evidence in a proper way on the trial.

The defendants contend earnestly that this charter is a public statute. It must be conceded that it embraces two or three public statutory provisions, but as to its chief purpose, and in the respects material for which it was read to the jury, it is clearly private and evidential in its nature and application. Its purpose is to authorize and create—not a public or political corporation, but a private one, to extend to individuals, such as purchase and own its shares of capital stock, personal and private advantages. The charter confers corporate powers to enable individuals the more successfully to do and prosecute the important business of transportation

of persons and freights on a large scale and receive compensation therefor, and thus incidentally to extend important public convenience and advantage, which latter is largely the consideration to be paid for the franchises granted to the corporators. The statute, in so far as it confers corporate powers and rights, concerns and pertains to individuals and their business, and thus it has that quality which renders it a private statute. The rights of the public are incident to and grow out of the business of such corporations, and these may be regulated by public statutory provisions to be found in some respects in the charter itself, and in others in separate public statutes. *State* v. *Chambers,* 93 N. C., 600, and the authorities there cited; *State* v. *Railroad,* 73 N. C., 527. See also *Hughes* v. *Commissioners,* 107 N. C., 598; *Railroad* v. *Railroad,* 106 N. C., 27; *United States* v. *Trinidad, &c.,* 137 U. S. Rep., 160; *Baltimore & Potomac Railroad* v. *Fifth Baptist Church,* 108 U. S., 317.

A private statute may embrace one or more public statutory provisions, and so, also, a public statute may embrace private statutory enactments, but such intermixture of statutes does not change or modify their respective natures. Whether the statute, or some enactment in it, is public or private, is a question of law, which the Court must determine, in the absence of statutory enactment declaring and settling its nature. *Humphries* v. *Baxter,* 6 Ired., 437; *State* v *Wallace,* 94 N. C., 827; Pot. Dwar. on Stats., 53, and notes.

It was insisted on the argument that, inasmuch as the charter contained public statutory provisions, it thereby became and therefore is a public statute. As we have just said, such intermixture could not change the nature of a statute or a provision contained in it. This Court has repeatedly decided that statutes containing public statutory provisions were private statutes. The charter of the Bank

108—26

of North Carolina (Hay. Man., 61) clearly contained such provisions, and in *Bank* v. *Clark*, 1 Hawks., 36, it was held expressly that it was a private statute. A statute (Acts 1866–'67, ch. 80) in respect to "The Washington Toll Bridge," expressly referred to and made applicable to it in certain respects the public statutes (Rev. Code, ch. 101), but this Court held that the statute was private. *Commissioners* v. *Washington Toll Bridge Co.*, Phil., 118. To the same effect is *Humphries* v. *Baxter*, 6 Ired., 437.

The charter in question provides that the State shall be a stockholder of the corporation created by it, and it is such stockholder for a large amount. It was insisted that this made the statute public in its nature. We do not think so. The State, laying aside its sovereign character for the purposes of the corporation, put itself upon a footing with other corporators, except that it has advantages conceded to it on account of the large amount of stock it owns. That the State is a stockholder does not necessarily render the corporation a public one. *Marshall* v. *Railroad Co* , 92 N. C., 322; *Bank* v. *Clark*, 1 Hawks., 36. The State was a large stockholder in the bank whose charter was held in the last case cited to be a private statute. *Connor* v. *Arkansas*, 15 How., 304.

It was further insisted that the statute was published among the public statutes, and therefore it is public. There is no provision in it or elsewhere directing that it be so published. That it was, could not alter or affect its nature in legal contemplation.

It is clear, in our judgment, that the statute in question is private in its nature and purpose in the respects as to which the appellants read and commented upon to the jury. It should have been put in evidence on the trial. It is not questioned that private statutes must be pleaded (*The Code*, § 264), and that they must be proven when they become necessary as evidence.

DURHAM *v.* RAILROAD.

It is strange, indeed, that the appellees failed to put the statute in question in evidence, especially as it was so convenient to do so. They simply needed to read it from the statute book (*The Code*, § 1339). The evidence· afforded by it was material. The plaintiff insists upon its rights to have the material evidence produced on the trial according to law. This was not done, and therefore it is entitled to a new trial and we so adjudge.

We do not deem it proper to decide several other interesting questions presented by the record, because to do so might unduly prejudice one party or the other on the next trial.

Error.

After the opinion in this case had been filed the appellant made a motion for an allowance for costs of extra printing.

*Mr. John Devereux, Jr.*, for the motion.
*Mr. F. H. Busbee*, contra.

CLARK, J.: This is a motion by the appellant to re-tax the bill of costs in this Court by allowing "the actual·cost of printing the record and brief." Rule 29 requires the "case on appeal" to be printed, and such other parts of the record as may be necessary to present the exceptions made, the designation of such parts to be made by counsel of the appellant. If, however, more than twenty pages are printed, the costs for the excess can only be allowed by order of the Court (Rule 31), for which purpose this motion is now made. An inspection of the transcript shows seventy-four pages printed. Of these sixty-eight pages are in the "case on appeal" settled by the Judge. As to this the appellant was required by the rules to have printed, and could not omit any part thereof. It is but just that he should be allowed for said sixty-eight pages, deducting the twenty pages already taxed, to-wit, forty-eight pages additional at sixty cents per page. The

other six pages were not embraced in the "case on appeal," presented no exception to be reviewed, and were unnecessarily printed. This case differs from *Roberts* v. *Lewald, post,* 405, in which the case on appeal was only two pages, and the winning party having been allowed the cost of printing twenty pages, further allowance was denied.

In this connection it is proper to note that the "case" seems to have been made up from the stenographer's notes, and instead of making a brief of the evidence, or of such parts of the evidence as are material, the entire evidence seems to have been put into the case. This may save labor to the Judge, but is an unnecessary expense to parties, and is not a "case settled" within the meaning of the statute. As the use of stenographers will become more common in our Courts, the attention of the trial Judges should be especially called to this, which if not adverted to, is likely to become an evil and an oppression. It is not intended that the transcript of the ".case on appeal" should become a dumping ground for the entire evidence and minutiæ of the trial below. The parties, if they agree on the case, or the Judge, if he settles it, should eliminate the points excepted to, and only send up in connection with them so much of the evidence or other matter occurring on the trial as may be necessary to present and illustrate the matter excepted to. The Judge does not do his duty in "settling the case" unless he keeps this in view. Parties ought not to be taxed and oppressed, either with the copying by the Clerk below or by the printing in this Court, of a vast mass of testimony utterly irrelevant so far as concerns the exceptions to be reviewed. This is said, not in criticism of the careful and accurate Judge who tried this particular cause, but because this is a "case" somewhat more lengthy than was necessary, which was evidently due to reliance on stenographer's notes, and to prevent, by a timely caution, what is already a growing evil

from becoming a serious and fruitful source of unnecessary and oppressive costs.

As to the brief of appellant, he has already had taxed for his benefit ten pages, as allowed by Rule 37. We do not think that more was necessary, and that, with a proper regard to condensation and expense, the forcible and successful argument of the appellant could have been put within that compass. If he chose to elaborate it beyond that limit, it must be at his own " cost and charges."

Motion allowed. ·