FERGUS REID v. NORFOLK SOUTHERN RAILROAD COMPANY
ET AL.

(Filed 28 May, 1913.)

1. Foreign Corporations—Internal Management—Power of Court.

Our courts have not the power and will not undertake to administer or control the internal affairs of a foreign corporation.

2. Legislative Acts—Public Policy—Ratification.

The public policy of our State, which has been not inaptly termed the "manifested will of the State," is very largely a matter of legislative control, and in so far as the public is concerned and when not interfering with vested rights, a Legislature may ratify measures which it might have originally authorized.

3. Courts—Private Acts—Pleadings—Notice—Judicial Notice—Abstract Propositions—Appeal and Error.

While our courts, as a general rule, will not take judicial notice of a private statute or its terms (Revisal, sec. 500) requiring

that it shall be specially pleaded, this rule will not be allowed to prevail when a private statute relating to and effectually settling the matter in controversy has after due notice been formally brought to the attention of the Supreme Court; for then only an abstract proposition would be left for the Court's determination, which will not be entertained.

**4. Same—Merger—Mortgage Bonds—Public Policy—Railroad Corporations.**

An injunction is sought in this action against a foreign railroad corporation issuing mortgage bonds on property partially acquired by a merger including several North Carolina railroad corporations, upon the ground that it is against the public policy of this State. A private act of the Legislature, passed subsequently to the commencement of the action, validated the merger and the bond issue, and thus disposed of the question of public policy raised. This act, after due notice to the complaining party, was formally brought to the attention of the Supreme Court on appeal by a duly certified copy from the office of the Secretary of State: *Held*, though this private act was not specially pleaded, the court will recognize it as determinative upon the question presented.

**4. Corporations—Franchises—Special Privileges—Exceptions—Constitutional Law—Legislative Acts—Ratification of Merger—Subsequent Acts.**

The grant of a special charter to a railroad or other like corporation is not in conflict with the Constitution, Art. I, sec. 7, providing that no man or set of men are entitled to exclusive emoluments or privileges but on consideration of public services, our decisions being to the effect that the charters of public-service corporations come directly within the exception contained in the constitutional provision; and especially in view of Article VIII, sec. 1, authorizing the formation of corporations by general laws and special acts which may be altered or repealed by the Legislature.

APPEAL by defendants from *Ferguson, J.,* at November Term, 1912, of WAKE.

Civil action to obtain a permanent injunction.

The action was instituted by plaintiff as stockholder of the Norfolk Southern Railroad, alleged and, for the purposes of this action, admitted to be a corporation of the State of Virginia, and certain directors of said company, and also five North Carolina railroad corporations operating under charters of this State and having their properties here. The suit being

REID *v.* R. R.

to restrain said Norfolk Southern from incurring an indebtedness of $5,456,000 and executing a mortgage to secure same on all the properties of said Norfolk Southern Railroad, including the properties formerly owned by the North Carolina companies and which the Norfolk Southern had acquired. Among other things and as a basis for relief in this jurisdiction, it was alleged that the Norfolk Southern having purchased the capital stock of the North Carolina companies, had caused four of them to convey their properties to the fifth, the Raleigh, Charlotte and Southern Railroad, and that a certificate of merger had then been executed by the last named company, by which it was certified "That the whole of the capital stock of said four railroads had been surrendered and transferred to it and its capital stock issued in exchange therefor, as will appear by copy," etc., and that the indebtedness and mortgage referred to were for the purpose of obtaining the means to carry out said enterprise and to further extend and equip and operate the Raleigh, Charlotte and Southern Railroad, etc.

It was further alleged that the Norfolk Southern was without power by charter or otherwise to engage in said business or incur an indebtedness therefor, and that the entire enterprise, in so far as it affected the railroads operating under such North Carolina charters, was contrary to our public policy and the express provisions of our statute law, etc.

The defendants demurred, assigning for cause, among others:

1. That the court has not and will not undertake to exercise jurisdiction and control over the "internal management of the affairs of a corporation of the State of Virginia or the action of its officers and directors."

2. That under and by virtue of the various charter provisions, annexed as exhibits to the complaint, the companies had the power to carry out the proposed undertaking, and there was nothing in the plan that was in any way contrary to the policies or statutes of this State, etc.

The demurrer having been sustained, plaintiff appealed to this Court. Pending said appeal, on notice duly issued, defendant by proper affidavit brought to attention of the Court and filed a duly certified copy of an act of the last General Assem-

bly, chapter 516, Laws 1913, and which in express terms rati-
fied and made valid the said merger and all acts done pursuant
thereto, with certain restrictions and provisos not relevant to
the question as now presented, and on said statutes and by
reason of the terms of same, moved the Court to dismiss the
case.

*T. Lanier and R. Randolph Hicks for plaintiff.*

*W. B. Rodman, R. N. Simms, and Chadbourne & Shore for
defendant.*

HOKE, J., after stating the case: It is well understood that
our courts have not the power nor will they undertake to ad-
minister or control the internal affairs of a foreign corpora-
tion (*Brenizer v. Royal Arcanum,* 141 N. C., 409); and this
being true, the only facts presented in this complaint which
tend to establish a cause cognizable here are those which in-
juriously affect or threaten the chartered rights and privileges
or holdings of these North Carolina companies. As a basis for
such jurisdiction, it is alleged that the proposed merger, and
incurring the indebtedness in aid thereof, are contrary to our
public policy and the express provisions of our State law. If
this be conceded on the facts as set forth in the complaint, the
objection, in our opinion, has been entirely removed by the
statute which has been formally called to our attention. This
public policy, which has been not inaptly termed the "mani-
fested will of the State," is very largely a matter of legislative
control, and it is a well recognized principle that in so far as
the public is concerned and when not interfering with vested
rights, a Legislature may ratify and make valid measures
which it might have originally authorized. *Barrett v. Barrett,*
120 N. C., 127; *Anderson v. Township of Santa Anna,* 116
N. C., 356; *Schenck v. City of Jeffersonville,* 152 Ind., pp. 214-
217; *State of Illinois v. Ill. Central R. R.,* 33 Fed., pp. 730-
771.

The plaintiff, not challenging the enactment of the statute,
contends that the defendant's motion should be denied: Chiefly,
(1) because the court will not take judicial notice of a private
act.

(2) Because the statute is in violation of Article I, sec, 77, of our Constitution, which provides: "That no man or set of men are entitled to exclusive emoluments or privileges from the community but on consideration of public services."

It is true, as a general rule, that a court does not take judicial notice of a private statute or its terms. This is a rule of pleading designed and intended primarily to prevent a litigant from being taken by surprise, and has been directly recognized both in our decisions and statutes (*Corporation Commission v. R. R.,* 127 N. C., 283; Revisal, sec. 500), but the principle was never intended, nor should it be allowed to prevail when a statute which effectually settles all matters in controversy of which the court has jurisdiction has after due notice been formally brought to the attention of the court, and no issue made or suggested as to its existence or its terms. It has been repeatedly held here that the court will not entertain or proceed with a cause merely to determine abstract propositions and when the questions in controversy are no longer at issue, and this is a case coming clearly within the principle. *Wallace v. Wilkesboro,* 151 N. C., 614; *Wikel v. Commissioners,* 120 N. C., 451. In this last case judgment for a peremptory mandamus had been entered against commissioners, requiring that body to build a bridge over the Tuckaseigee River and to levy a tax therefor pursuant to a certain statute. Pending an appeal, the Legislature repealed the act: *Held,* that the repeal abated the action, and the present *Chief Justice,* delivering the opinion and in reference to this repeal, said: "This destroyed the cause of action, and there only remains the judgment against the defendant for costs. It has been repeatedly held that when pending an appeal the subject-matter of an action or the cause of action is destroyed in any manner whatever, this Court will not go into a consideration of the abstract question which party should have rightly won, merely in order to adjudicate the costs, but the judgment below as to the costs will stand."

Nor will the second objection avail plaintiff, that the act violates the section of the Constitution which prohibits the granting of special privileges and emoluments. The very section relied on by the appellant closes with the exception, "but

in consideration of public services," and under our decisions these franchises granted to public-service corporations come directly within the words and meaning of the exception. *In re Spease Ferry,* 138 N. C., pp. 219-222. Our Constitution, Art. VIII, sec. 1, also contains provision as follows: "Corporations may be formed under general laws, but shall not be created by special act, except for municipal purposes, and in cases where, in the judgment of the Legislature, the object of the corporations cannot be attained under general laws. All general laws and special acts passed pursuant to this section may be altered from time to time, or repealed." The grantees of these *quasi*-public charters and their stockholders take and hold them subject to both of these constitutional provisions as construed and interpreted, and the act ratifying this consolidation and merger is no more the conferring of special privileges nor the violation of vested rights than the statutes by which they were originally created.

On the facts as they now appear of record, we are of opinion that the action should be dismissed, and it is so ordered.

Action dismissed.

Ordered that the costs of this Court be equally taxed against plaintiff and defendant.