W. G. BRAMHAM v. CITY OF DURHAM.

(Filed 22 March, 1916.)

**1. Statutes—Repugnant Clauses—Interpretation.**

Where there are two acts of the Legislature applicable to the same
subject, passed at different times of the same session, their provisions are
to be reconciled in their interpretation, if this can be done by fair and
reasonable intendment; but to the extent they are necessarily repugnant
the latter shall prevail.

**2. Same—Special Statutes.**

Where there is a statute of general application throughout the State,
and a statute special to a given locality, passed on the same subject, and
the two are necessarily inconsistent, the special statute will prevail, it
being usually regarded as an exception to the general one, and passed
with reference to the conditions existing in the restricted territory.

**3. Same—Municipal Corporations—Bond Issues—Necessaries—Vote of People.**

> By chapter 56, Public Laws 1915, ratified 27 February, 1915, the Legislature established a scheme, applicable to all the municipalities in the State, for local improvement therein, including streets and sidewalks, and authorizing the municipal authorities, under certain conditions, to issue bonds to a proportionate extent for payment of principal and interest without requirement that such issuance be submitted to the vote of the people. Thereafter, by special act, a bond issue was authorized by special legislative enactment, for the city of Durham, for such purposes, requiring that they first be passed favorably upon by the electors of the town. *Held,* the local law controlled, and a bond issue without the required approval is a nullity, the local act, to the extent stated, being considered as repealing the general law.

**4. Municipal Corporations—Cities and Towns—Bond Issues—Necessaries—Vote of People—Legislative Control—Constitutional Law.**

> The building and repairing of streets and sidewalks are a necessary municipal expense, and the question of issuing bonds therefor by the town is not ordinarily required to be submitted to the voters of the town; but where by the town charter or other special legislation, or both, this is required, it is necessary to the validity of the bonds so issued that the requirement be first observed, the matter being within the exclusive legislative control. Constitution, Art. VIII, sec. 4.

APPEAL by defendant from *Devin, J.,* at January Civil Term, 1916, of DURHAM.

Civil action heard on case agreed.

The action was instituted by plaintiff, a citizen and taxpayer of the city of Durham, to restrain the issuance of coupon bonds of the city for the purpose of construction and repair of streets and sidewalks of Dillard Street in said city, and without the approval of a majority of the qualified voters of the city cast at election held for the purpose. On the question presented, there was judgment for plaintiff, and defendant excepted.

*Sykes & Sheppard and S. C. Chambers for plaintiff.*
*J. L. Morehead for defendant.*

HOKE, J. From the facts agreed upon, it appeared that the General Assembly of 1915 enacted a statute, applicable in express terms to all municipalities of the State, establishing a scheme for local improvements therein, including streets and sidewalks, the same to be originated by petition, etc., and authorizing the municipal authorities, under certain conditions, to issue bonds in payment of the city's proportion of the improvement, termed "local improvement bonds," and provide for payment of principal and interest by taxation on all the taxable property of the municipality. Public Laws 1915, ch. 56, ratified 27 February, 1915.

At the same session there was enacted a statute in reference to the city of Durham providing for the construction and repair of the streets and sidewalks of the city and authorizing the issuance of coupon bonds of the city to be designated as "street and sidewalk bonds" in amount not to exceed $300,000, to raise funds for this purpose, same to be paid by taxation, etc.    The act also requires that its provisions should be submitted for approval to the qualified voters of the city and makes full provision for  holding an election on the question.    This statute, Private Laws 1915, ch. 331, was ratified 8 March, 1915, and contains a section repealing all laws and parts of laws inconsistent therewith. The proposition is to issue bonds by virtue of powers claimed under chapter 56 and without submitting the question to the qualified voters of the city.    It is a well recognized principle of statutory construction that when there are two acts of the Legislature applicable to the same subject, their provisions are to be reconciled if this can be done by fair and reasonable intendment; but, to the extent that they are necessarily repugnant, the later shall prevail.    The position is stated in substantially these terms by Associate Justice Field in U. S. v. Tynen, 78 U. S., 92, as follows: "Where there are two acts on the same subject, the rule is to give effect to both, if possible; but if the two are repugnant in any of their provisions, the latter act, and without any repealing clause, operates to the extent of the repugnancy as a repeal of the first"; and in Sedgwick on Statutory Construction, p. 125, quoting from Ely v. Bliss, 5 Beavan, it is said: "If two inconsistent acts be passed at different times, the last is to be obeyed, and if obedience cannot be observed without derogation from the first, it is the first that must give way."

Again, it is established that where a general and a special statute are passed on the same subject, and the two are necessarily inconsistent, it is the special statute that will prevail, this last being regarded usually as in the nature of an exception to the former.    Cecil v. High Point, 165 N. C., pp. 431-435; Comrs. v. Aldermen, 158 N. C., pp. 197-198; Dahnke v. The People, 168 Ill., 102; Stockett v. Bird, 18 Md., 484, a position that obtains though the special law precedes the general, unless the provisions of the general statute necessarily excludes such a construction.    Rodgers v. U. S., 185 U. S., 83; Black on Interpretation of Laws, p. 117.

In the citation to Black, supra, it is said in illustration that "A local statute enacted for a particular municipality for reasons satisfactory to the Legislature is intended to be exceptional and for the benefit of such municipality.    It has been said that it is against reason to suppose that the Legislature, in framing a general system for the State, intended to repeal a special act which local circumstances made necessary."

In the light of these principles, we do not hesitate to hold that the special act, ch. 331, Private Laws 1915, ratified 8 March, making provision for the construction and repair of streets and sidewalks in the city of Durham, providing for a bond issue for the purpose, and requiring that the proposition should be submitted to a popular vote for approval, is the law on the subject in that locality, and the provisions of the general statute passed by the same Legislature on 27 February previous, and providing for a bond issue for the same purpose without a popular vote, are to that extent repealed. This being by correct interpretation the state of the law controlling the subject, the proposed bond issue cannot be lawfully made unless approved by popular vote pursuant to the provisions of the special statute, for, although the building and repair of streets and sidewalks are considered with us a necessary municipal expense, and so not subject to the constitutional restrictions as to incurring municipal indebtedness, *Hargrave v. Comrs.*, 168 N. C., 626, it has been held with equal emphasis that statutory restrictions on the subject must be observed, and that unless the requirements of the statute applicable are complied with, the municipal authorities are without power in the premises. *Murphy v. Webb*, 156 N. C., 402; *Comrs. v. Webb*, 148 N. C., pp. 120 and 123; *Robinson v. Goldsboro*, 135 N. C., 382; *Wadsworth v. Concord*, 133 N. C., 587.

Speaking to the question in *Comrs. v. Webb, supra*, the Court said: "While there is no constitutional inhibition, however, on the issuance of these bonds, the authorities with us are to the effect that when the charter of a municipality, or general or special legislation applicable to the question, requires or provides that a proposition to incur an indebtedness or issue bonds for a given purpose shall be submitted to the voters of the town for their approval, this will amount to a statutory restriction, and such indebtedness shall not be incurred unless the measure has been sanctioned and approved by the voters according to the provisions of the statute; and this though such indebtedness is properly classed as a necessary expense." We are confirmed in our construction of these statutes by the fact that not only the special statute, but the charter of the city of Durham, Private Laws 1899, sec. 34, required that any bonded indebtedness of this character should be first approved by a popular vote, and, in addition, that the framers of our Constitution have considered this matter of the first importance, and Article VIII, sec. 4, contains impressive admonition that it is the duty of the Legislature to provide for the organization of cities, towns, etc., and to restrict their powers of taxation, assessment, borrowing money, contracting debts, and loaning credits so as to prevent abuses in assessments and the contracting of debts.

There is no error, and the judgment of his Honor is

Affirmed.