F. H. COFFEY ET AL. v. C. M. RADER ET AL.

(Filed 21 December, 1921.)

**1. Courts—General Statutes—Judicial Notice.**

An act withdrawing the operation of a State-wide law within a certain county will be taken judicial notice of by our courts.

**2. Statutes — Amendments — Recorders' Courts—Actions—Abatement— Constitutional Law—Appeal and Error.**

Where the question of the constitutionality of C. S., 1536, establishing recorders' courts by a general act is the subject of the action, and pending the appeal the Legislature has withdrawn the effect or operation of the statute from a certain county wherein the establishment of the court was the subject of injunctive relief, the cause of action abates and the appeal will be dismissed at the cost of each party, and the order restraining the establishment of the particular court will continue to be effective.

APPEAL by defendants from *Bryson, J.,* 10 October, 1921, from CALDWELL.

Civil action heard on preliminary restraining order before the judge holding the courts of the Sixteenth Judicial District and by consent of the parties at Morganton, N. C., on 10 October, 1921. The action is to restrain the defendants, the board of commissioners of Caldwell County *et al.,* from maintaining a recorder's court in Caldwell County pursuant to a resolution to that effect on the ground chiefly that the act under which defendants had established and were proceeding to organize and maintain said court, C. S., ch. 27, subch. 4, is unconstitutional. The restraining order was continued to the hearing, and defendants excepted and appealed.

*Mark Squires, W. C. Newland, and Lawrence Wakefield for plaintiffs.*
*A. A. Whitener for defendants.*

HOKE, J. Pending the appeal, the General Assembly of North Carolina, at the Special Session 1921, has passed an act, same being House Bill No. 568, Senate Bill No. 304, withdrawing the Sixteenth District, including Caldwell County, from the effect and operation of the subchapter in question, and under and by virtue of which these courts are authorized and maintained, and repealing all laws and clauses of laws in conflict with its provisions. As a result of the measure, the power to maintain the court being withdrawn, the court itself is necessarily abolished, and the action which concerns only its existence and maintenance must abate. Our decisions on the subject are to the effect that the Court will take judicial notice of a public statute of this character. *Reid v. R. R.,* 162 N. C., 355; *Wikel v. Comrs.,* 120 N. C., 451. And

44—182

involving, as it does, the existence and maintenance of a public office, the right to abolish it is well within the legislative power. *Mial v. Ellington,* 134 N. C., 131. The saving clause as to actions already instituted as contained in C. S., 3948, referring only to rights and interest of a private nature.

In a case of this kind, and under the decisions referred to and others of like import, each party will pay his own cost in this Court, and the judgment as to cost in the court below will stand and be enforced as entered.

Action abates.