## ROAD COMMISSIONERS *v.* COUNTY COMMISSIONERS.

(Filed 3 October, 1923.)

**1. Statutes—Interpretation—Intent—Repugnances—Repeal.**

The provisions of a later statute that are repugnant to those of a former one will be construed to repeal so much thereof as is repugnant without any specific repealing clause, and in construing the later act,

the intent of the Legislature will be given effect primarily as interpreted from the language therein used, and where this is free from ambiguity and expresses plainly, clearly and distinctly the sense of its framers, a resort to other means of interpretation is not permitted.

**2. Same—Taxation—Roads and Highways.**

A statute entitled to limit the amount of tax authorized for road district purposes, authorized by a prior law, and in the body of the act requiring that the amount of the levy should not exceed a certain rate on the $100 valuation of the taxable property, repeals so much of the former law as is repugnant thereto, without expressly repealing it; and the increased valuation of the taxable property may be considered as an aid to this interpretation.

MANDAMUS PROCEEDINGS, heard before his Honor, *Shaw, J.,* at August Term, 1923, of DAVIDSON.

The road commissioners of the county having duly certified to defendants and board of assessors that a road tax of 45 cents on the hundred dollars was necessary for carrying out the road program of the county for the years 1923-24, as provided by law, demanded of defendants that such levy be made by defendant board. Defendants contending that under the statutes applicable they could not exceed a rate of 35 cents, declined to levy the 45-cent rate, whereupon present proceedings were instituted to compel compliance. The court entered judgment denying the writ and plaintiff board excepted and appealed.

*Walser & Walser, Phillips & Bower and J. R. McCrary for plaintiff. W. O. Burgin and P. V. Critcher for defendant.*

HOKE, J. On the hearing it was made to appear that chapter 334, Public-Local Laws of 1915, provided for a bond issue of Davidson County of $300,000, and authorizing a tax levy not to exceed 30 cents for the creation of a sinking fund and for maintenance of roads, etc. Chapter 129, Public-Local Laws of 1917, provides that the board of road commissioners in their discretion shall determine the amount of tax to be levied for road purposes, and that the county commissioners shall levy such tax as the road commissioners shall find to be necessary, "not to exceed the amount as provided by law." Chapter 233, Public-Local Laws of 1919, provides that the board of county commissioners, at the time other road taxes are levied and in addition to the taxes now authorized to be collected under existing law, shall levy annually a special tax of 30 cents on the $100, etc., valuation for the purpose of maintaining the present public roads and extending the same and paying the outstanding indebtedness of the board of road commissioners.

The General Assembly of 1923 enacted a statute as follows:

### H. B. 308; S. B. 407.

AN ACT TO AMEND CHAPTER 129, PUBLIC-LOCAL LAWS 1917, AND TO
LIMIT AMOUNT OF TAX TO BE LEVIED FOR ROADS IN DAVIDSON
COUNTY.

*The General Assembly of North Carolina do enact:*

SECTION 1. That chapter 129, Public-Local Laws, Session of 1917, be
amended as follows: That there be added to section 2 of said act the
following: *"Provided,* that the amount of taxes to be levied shall not
exceed 35 cents on each $100 of valuation of taxable property."

SEC. 2. That the board of county commissioners of Davidson County
shall levy each year at the time of levying taxes for road purposes, as
provided by law, such an amount as the board of road commissioners
of said county shall in writing request for such year, however, not to
exceed 35 cents on each $100 of taxable property in said county.

SEC. 3. That this act shall be in force and effect from and after its
ratification.

From a proper perusal of this the legislation applicable we concur
in the view that the force and effect of the act of 1923 is to restrict the
amount of taxation for any and all road purposes to the 35 cents as
specified. It is true, as contended by appellant, that implied repeals
are not favored, and that where there are two statutes relating to the
same subject passed at the same or different sessions, and there is no
express repealing clause, that both must be given effect in so far as their
different provisions are not inconsistent with each other, but it is also
true that, to the extent that they are necessarily repugnant, the later
statute shall prevail. *Bramham v. Durham,* 171 N. C., 196-198.

This decision quotes with approval from the opinion of *Associate
Justice Fields* in *U. S. v. Tyner,* 78 U. S., 96, to the effect "That where
there are two acts on the same subject the rule is to give effect to both
if possible, but if the two are repugnant the latter act and without any
repealing clause operates to the extent of the repugnancy as a repeal
of the former."

And in determining whether there is a repugnancy, it is the approved
rule here and elsewhere that the intent of the Legislature must be sought
primarily in the language used, and "where this is free from ambiguity
and expresses plainly, clearly and distinctly the sense of the framers,
a resort to other means of interpretation is not permitted." *Kearney v.
Vann,* 154 N. C., 311; *In re Applicants for License,* 143 N. C., 1.

In this last decision citation is made from Black on Interpretation of Laws, sec. 26, as follows: "The meaning of a statute must first be sought in the language of the statute itself," and further, "If the language is plain and free from ambiguity and expresses a simple, definite and sensible meaning, that meaning is conclusively presumed to be the meaning the Legislature intended to convey." And from Lewis' Sutherland on Statutory Construction (2d Ed.), sec. 267, "Where the intention of the Legislature is so apparent on the face of the statute that there can be no question of its meaning, there is no room for construction."

Considering the statute of 1923 in the light of these recognized principles, it is clear that the meaning and purpose of the Legislature is to restrict the amount of taxation for road purposes in Davidson County to the 35 cents on the $100. It so provides in express terms. An interpretation that is in full accord with the title: "An act to amend chapter 129, Public-Local Laws of 1917, and to limit the amount of tax to be levied for roads in Davidson County."

This view is confirmed by the fact that the tax valuation of Davidson County in 1923 is more than double that which prevailed in the years when the former acts were passed, and this no doubt affords a reason for the action of the Legislature in the premises.

We are of opinion that his Honor has made correct disposition of the matter before him, and his judgment denying the writ is

Affirmed.