## J. H. BOLICK v. CITY OF CHARLOTTE.

(Filed 28 April, 1926.)

**Municipal Corporations—Cities and Towns—Charter—Private Statutes—Defenses—Demurrer—Appeal and Error.**

A defendant relying as a defense upon a special provision in its charter requiring certain notice before action brought, must allege as well as prove it, and a demurrer to the complaint in which such provision is not set out as not sufficiently stating a cause of action, is bad.

APPEAL by defendant from *Bryson, J.,* at November Term, 1925, of MECKLENBURG. Affirmed.

Civil action to recover damages for injuries to plaintiff's land, alleged to have been caused by the negligent discharge of sewage by defendant, a municipal corporation, into Sugar Creek, which flows over and along the lands of plaintiff. Defendant demurred to the complaint, for that it is not alleged therein that plaintiff, prior to the commence-

ment of the action, gave to defendant notice of the alleged injury and his claim for damages, as required by section 15, ch. 251, Private Laws of 1911. From judgment overruling demurrer, and allowing defendant time to answer, defendant appealed to the Supreme Court.

*T. L. Kirkpatrick, H. L. Taylor, Jas. A. Lockhart, and Preston & Ross for plaintiff.*

*C. A. Cochran, Cansler & Cansler, and Taliaferro & Clarkson for defendant.*

PER CURIAM. Defendant, by its demurrer to the complaint, on the ground that the facts stated therein are not sufficient to constitute a cause of action against defendant, relies upon the provisions of section 15, ch. 251, Private Laws 1911, entitled, "An act to amend the charter of the city of Charlotte." There is no reference in the complaint to said private act of the General Assembly, nor is there an allegation therein that defendant is a municipal corporation by virtue of said private act. It is well settled that courts do not take judicial notice of private acts of the General Assembly. Parties to an action who rely upon such acts must plead and prove them. *Reid v. R. R.*, 162 N. C., 355; *Corporation Commission v. R. R.*, 127 N. C., 283; C. S., 541. Defendant cannot avail itself of the provisions of its charter, which is a private act of the General Assembly, by a demurrer to the complaint, in which said private act is neither alleged nor specifically referred to. Such provisions, if relied upon to defeat plaintiff in his action, must be set up in the answer as a defense. The demurrer of defendant is a "speaking demurrer"; it was properly overruled. *Sandlin v. Wilmington,* 185 N. C., 257; *Cherry v. R. R.,* 185 N. C., 90; *Trust Co. v. Wilson,* 182 N. C., 166; *Godwin v. Gardner,* 182 N. C., 97; *Kendall v. Highway Commission,* 165 N. C., 600; *Wood v. Kincaid,* 144 N. C., 393; *Von Glahn v. DeRossett,* 76 N. C., 292.

We have not considered the interesting questions, discussed in the briefs filed in this Court, involving the sufficiency of the notices given, as shown by the exhibits attached to the complaint. Whether such exhibits constitute a substantial compliance with the requirements of the statute cannot now be determined. It is not alleged that these notices were given as required by defendant's charter. We hold only that the demurrer was properly overruled, for the reasons herein stated. The judgment is, therefore,

Affirmed.