TAYLOR ROGERS ET AL. v. JOE DAVIS AND VIOLET DAVIS.

(Filed 22 September, 1937.)

1. **Highways § 13—In Haywood County, proceeding to establish cartway should be instituted before board of county commissioners.**

    A proceeding to establish cartways over the lands of others in Haywood County should be instituted before the board of county commissioners, Public-Local Laws 1923, sec. 12, ch. 119, and not before the clerk, Public Laws 1931, sec. 1, ch. 448 (N. C. Code, 3835), and the clerk of the Superior Court of that county has no jurisdiction of a proceeding for this relief instituted before him.

2. **Statutes § 9—**

    A public-local law applicable to a particular county or municipality is not repealed by a subsequently enacted public law, State-wide in its application, on the same subject matter, unless repeal is expressly provided for or arises by necessary implication.

3. **Judgments § 26—**

    A judgment rendered by the clerk on a petition filed before him over which he has no jurisdiction, is void, and the proceeding will be dismissed on appeal.

THIS is an appeal by the respondents from the judgment of *Phillips, J.,* at the May Term, 1937, of HAYWOOD, dismissing an appeal from the clerk to the judge at term time and confirming the judgment of the clerk granting a petition for a cartway over the lands of the respondents. Reversed and proceeding dismissed.

*Grover C. Davis, M. G. Stamey, and Morgan & Ward for Joe Davis and Violet Davis, respondents, appellants.*

*No counsel for Taylor Rogers et al., petitioners, appellees.*

SCHENCK, J.  In the Supreme Court the appellants demurred *ore lenus* and moved to dismiss the proceeding for want of jurisdiction, for that the proceeding was instituted before the clerk of the Superior Court, whereas such proceeding should have been instituted before the board of county commissioners.  We are constrained to sustain the demurrer and grant the motion.

This proceeding was instituted in accord with section 1, chapter 448, Public Laws 1931, amending Article 13, chapter 70, of the Consolidated Statutes (being 3835 N. C. Code of 1935), which provides that proceedings to establish cartways over the lands of others shall be commenced before the clerk, whereas it should have been instituted in accord with section 12, chapter 119, Public-Local Laws 1923, which provides that such proceedings in Haywood County shall be commenced before the board of county commissioners.

While it is true that the public law is State-wide in its application, and was enacted subsequent to the public-local law, it has no repealing clause.  Under these circumstances the public-local law remains in full force and effect, and must be treated as an exception to the public law.

"When two acts covering the same subject matter are inconsistent or in conflict, the following is laid down as the general rule in 36 Cyc., 1090: 'When the provisions of a general law, applicable to an entire state, are repugnant to the provisions of a previously enacted special law, applicable in a particular locality only, the passage of such general law does not operate to modify or repeal the special law, either in whole or in part, unless such modification or repeal is provided for by express words, or arises by necessary implication.'

"A local statute enacted for a particular municipality is intended to be exceptional and for the benefit of such municipality, and is· not repealed by the enactment of a subsequent general law.  *Rogers v. U. S.,* 185 U. S., 83; *Wilson v. Comrs.,* 183 N. C., 638; *Alexander v. Lowrance,* 182 N. C., 642; *Bramham v. Durham,* 171 N. C., 196; *S. v. Johnson,* 170 N. C., 688; *Cecil v. High Point,* 165 N. C., 431; *School Comrs. v. Aldermen,* 158 N. C., 197." *Felmet v. Comrs.,* 186 N. C., 251.  See, also, *Hammond v. Charlotte,* 205 N. C., 469, and *Monteith v. Comrs. of Jackson,* 195 N. C., 71.

The clerk being without jurisdiction to receive and act upon the petition, his judgment entered thereon, as well as all subsequent actions thereon, were void, and the proceeding should be dismissed.

The demurrer is sustained and the proceeding is

Dismissed.