### HORTENSE MULLIS, Admx. of J. L. MULLIS, Deceased, v. R. M. SANDERS.

(Filed 20 November, 1918.)

**Negligence—Evidence—Nonsuit—Questions for Jury—Trials.**

> The evidence tending to show that the plaintiff's intestate, under contract to install the sawmill machinery in defendant's mill and cut his lumber for a certain price per thousand feet, doing the work and furnishing the labor, curved up a key to a pulley, which had theretofore laid with safety along the axle, and, without stopping the swift-running machinery, was soon thereafter caught by the curved end of the key, while he was tightening the pulley, and fatally injured, in the absence of the defendant, of whom the intestate acted independently and without his supervision or control: *Held,* insufficient to take the case to the jury upon the issue of defendant's negligence, or to show that he had failed in the performance of any duty he owed to the intestate; and a motion as of nonsuit upon the evidence should have been granted.

ACTION, tried before *Adams, J.,* at August Term, 1918, of UNION, upon these issues:

1. Did the relation of master and servant exist between defendant and the deceased at the time of the injury and death, as alleged in the complaint? Answer: "Yes."

2. Was the death of the plaintiff's intestate caused by the negligence of the defendant, as alleged in the complaint? Answer: "Yes."

3. Did the said intestate by his own negligence contribute to the injuries causing his death, as alleged in the answer? Answer: "No."

4. What damages, if any, is the plaintiff entitled to recover? Answer: "$1,000."

Defendant appealed from the judgment rendered.

*Armfield, Brooks & Vann and Stack & Parker for plaintiff.*
*Redwine & Sikes for defendant.*

BROWN, J. We are of opinion that the motion to nonsuit should have been sustained.

The evidence, taken in the most favorable view for plaintiff, tends to prove these facts: The defendant owned a sawmill and engine and also a tract of timber. He entered into a contract with plaintiff's intestate to operate the sawmill at intestate's expense and to haul and cut the timber at $4.25 per thousand feet, the intestate doing all the work and furnishing all the labor. The intestate put down the sawmill and placed all the machinery in position and operated it under his own control and in absence of defendant. During the operation of the machinery the intestate was caught by a piece of iron used as a wedge in tightening a pulley on a shaft, which pulley was used with a belt connected with the sawdust mover which carried off the sawdust. When the intestate took charge of the machinery this iron wedge extended out about two feet, lying on the shaft to hold the pulley, and had been operated in this manner for a considerable time without injury to any one. The intestate, at his own instance, broke off this iron bar, and in breaking it turned up the end extending out from the pulley. In about one hour after he did this he endeavored to put the belt on the pulley which was used in carrying off the sawdust, without stopping the machinery, which was running at full speed. While stooping over the fast-running saw machinery, endeavoring to put the belt on the pulley, his clothing was caught on the projecting piece of iron he had broken and turned up. His head was pulled down on the machine and he received several wounds, from which he very shortly died.

In no view of the evidence is plaintiff entitled to recover. The intestate had complete control of the operation of the sawmill, and defendant had nothing to do with it. All the proof shows that intestate was killed by his clothes catching in the piece of iron he had broken off and bent, and about an hour afterwards. The defendant knew nothing whatever of this and had not been notified by intestate or asked to remedy the trouble. The intestate not only knew of the broken iron, but purposely caused it, and notwithstanding it he operated the mill at full speed and endeavored to adjust a belt while so running.

We are unable to see wherein defendant failed to perform any duty he owed the intestate, assuming, for argument's sake, that the relation of

master and servant existed. The only defect claimed to exist was the bar of iron which the intestate himself intentionally broke off and turned up. He did not notify defendant of it or ask that it be remedied, but continued to run the machinery at full speed. While so running, he recklessly leaned over the rapidly running saw machinery instead of stopping it. His clothing was caught in the iron piece because he had broken it off so that it turned up, and thereby hooked his clothes and dragged him down on the machine. Intestate's death was the result of an accident, the result of his own unfortunate carelessness which no foresight or provision of the defendant could have anticipated or prevented: 5 Thompson on Neg., secs. 5352-5748; *Furnace Co. v. Gross,* 97 Ala., 220; *Lewis v. Simpson,* 29 Pac. Rep., 207.

The motion to nonsuit is allowed.

Reversed.