LOYD PHILLIPS, T/A PHILLIPS MOTOR COMPANY, v. EUGENE SHAW, COMMISSIONER OF REVENUE OF NORTH CAROLINA.

(Filed 4 November, 1953.)

**1. Statutes § 5a—**

When the language of a statute is unambiguous there is no room for judicial construction.

**2. Taxation § 30—**

Under the provisions of G.S. 105-168 a sale by a wholesale merchant to anyone not taxable under the statute as a retail merchant is taxable as a retail sale, and this provision applies to a sale by a wholesale second-hand

car dealer in this State to retail merchants of another state for the purpose of resale out of this State.

### 3. Statutes § 5a—

Where a particular provision of a statute is in conflict with a prior general provision, the particular provision will ordinarily be given effect as an exception to the general provision.

### 4. Appeal and Error §§ 8, 401—

Where the question of the constitutionality of an act is not raised in the court below, it may not be raised for the first time in the Supreme Court upon appeal.

### 5. Constitutional Law § 29: Taxation § 30—

Where the sale of second-hand automobiles by a resident wholesaler to out-of-state retailers takes place in this State, so that title and possession pass to the purchasers before the property enters the channels of interstate commerce, the sale is not an interstate transaction.

APPEAL by plaintiff from *Clement, J.,* April Term, 1953, WILKES. Affirmed.

Civil action to recover sales tax paid under protest.

At the hearing in the court below the parties stipulated the facts, waived trial by jury, and submitted the cause to the court on the facts agreed which may be summarized as follows:

Plaintiff is engaged in the business of selling second-hand automobiles. His place of business is in Wilkes County. Defendant is the duly authorized Commissioner of Revenue of the State of North Carolina. He made an audit of the books of plaintiff. As a result of the audit, defendant, on 25 June 1952, asserted an amended assessment against plaintiff for additional sales tax due for the period from 1 July 1948 to 30 April 1951 in the sum of $2,016.90 plus $201.69 penalty and $307.58 interest. Plaintiff duly protested the additional assessment. As a result of the hearing, the Commissioner allowed certain credits on the assessment, thereby reducing the amount of taxes due under the assessment to $854.55.

All the automobiles for the sale of which an assessment was made and sustained by the Commissioner were sold and delivered to purchasers in this State. The purchasers, however, (1) were residents of South Carolina; (2) were licensed retail merchants in said State; (3) purchased said automobiles for the purpose of resale outside this State; and (4) were not taxable as "retail merchants" under the sales tax law of this State. None of these automobiles were in fact resold in this State.

While it is not expressly so stipulated, it is apparent plaintiff was a wholesale dealer in used automobiles and paid the tax assessed against wholesalers.

Plaintiff has in all respects complied with the procedural requirements of the statute, G.S. 105-267, 241.1, and the court had jurisdiction over the parties to and the subject matter of this action.

It was agreed that if plaintiff is entitled to recover any amount, he is entitled to judgment in the sum of $854.55 less $25.24 (wholesale tax paid), or $829.31 plus costs.

The court below, upon the facts agreed, concluded, as a matter of law, that plaintiff is not entitled to recover any amount in this action. It thereupon entered judgment that plaintiff recover nothing. Plaintiff excepted and appealed.

*W. H. McElwee, Jr., for plaintiff appellant.*

*Attorney-General McMullan and Samuel Behrends, Jr., Member of Staff, for defendant appellee.*

BARNHILL, J. The sales tax statute, General Statutes ch. 105, art 5, defines the terms "wholesale sale," "sale at wholesale," "sale of tangible personal property," and like terms. G.S. 105-167.

It levies a one dollar license tax on both wholesalers and retailers, G.S. 105-168, and provides that:

"An additional tax is hereby levied for the privilege of engaging or continuing in the business of selling tangible personal property as follows:

"(a) Wholesale Merchants.—Upon every wholesale merchant as defined in this article, an annual license tax of ten dollars ($10.00). Such annual license shall be paid in advance . . . There is also levied on each wholesale merchant an additional tax of one-twentieth of one per cent (1/20th of 1%) of the total gross sales of the business.

"The sale of any article of merchandise by any 'wholesale merchant' to anyone other than to a licensed retail merchant for resale shall be taxable at the rate of tax provided in this article upon the retail sale of merchandise. In the interpretation of this article, the sale of any articles of commerce by any 'wholesale merchant' to *anyone not taxable under this article as a 'retail merchant'* . . . shall be taxable by the wholesale merchant at the rate of tax provided in this article upon the retail sale of merchandise . . ." (Italics supplied.)

These are the provisions of our sales tax statute under which the Commissioner acted in levying the assessment about which plaintiff now complains. They control decision here.

The language of these provisions is unambiguous. Its meaning is clear. Therefore, there is no room for judicial construction. *Howell v. Indemnity Co.,* 237 N.C. 227, 74 S.E. 2d 610; *In re Taxi Co.,* 237 N.C. 373, 75 S.E. 2d 156; *Perry v. Stancil,* 237 N.C. 442, 75 S.E. 2d 512;

*Watson Industries v. Shaw, Comr. of Revenue,* 235 N.C. 203, 69 S.E. 2d 505; *Mullen v. Louisburg,* 225 N.C. 53, 33 S.E. 2d 484.

The statute prescribes a fee of one dollar for a license to engage in the business of wholesale or retail sale of automobiles. It levies on wholesalers an additional license tax of ten dollars plus 1/20 of 1% of the total gross sales of the business, to be paid by the merchant. It guards against sales by wholesalers to persons other than retail merchants, free of tax, by providing that a sale to any person other than a licensed retail merchant for retail shall be taxable at the retail rate of 3%. It then defines or prescribes the interpretation of the phrase "to anyone other than a licensed retail merchant for resale." Any sale by a wholesaler to anyone not taxable as a retail merchant under the sales tax statute shall be deemed a sale at retail and the wholesale merchant must collect and account for the tax on such sale at the rate of 3%, but not to exceed $15 on the sale of any one automobile.

These provisions are not in conflict with prior provisions of the Act defining "wholesale sale," "sale at wholesale," "retail merchant," "retail," and like terms contained in G.S. 105-167.

The General Assembly simply took note of the fact that wholesalers sometimes sell to persons who are not retail merchants or persons who purchase for resale. It did not intend that such sales should escape taxation at the retail rate. In providing that a wholesaler must account for a tax on such sales at the retail rate, it declared that a sale by a wholesaler "to anyone not taxable under this article" shall be deemed a sale at retail. It relates only to sales made by wholesalers and provides the method of ascertaining the license and sales tax due by wholesalers. Thus the Legislature closed a loophole in the law which, otherwise, would have furnished a way for material evasion of the sales tax law. Clearly the definition is broad enough to include the sales which are the subject matter of this action.

Even if we concede that the quoted provisions are incompatible with the general definitions contained in G.S. 105-167, this is no cause for declaring them invalid. It is a recognized canon of construction that: "Where the same statute contains a particular provision, which embraces the matter under consideration, and a general provision, which includes the same matter and is incompatible with the particular provision, the particular provision must be regarded as an exception to the general provision, and the general provision must be held to cover only such cases within its general language as are not within the terms of the particular provision." *Utilities Commission v. Coach Co.,* 236 N.C. 583, 73 S.E. 2d 562, and cases cited.

The question of constitutionality of the Act was not raised in the court below. It may not be raised for the first time in this Court. *Woodard*

v. *Clark,* 234 N.C. 215, 66 S.E. 2d 888; *S. v. Lueders,* 214 N.C. 558, 200 S.E. 22; *S. v. Cochran,* 230 N.C. 523, 53 S.E. 2d 663; *Trust Co. v. Waddell,* 237 N.C. 342, 75 S.E. 2d 151; 11 A.J. 720.

However, lest our failure to pass on that question invite further litigation on this subject, we may say that the appellant's contention in that respect is untenable.

The contract of purchase and sale was consummated in this State. Delivery was had here. The property entered the channels of interstate commerce—if at all—after both title and possession had passed to the purchaser. In no sense was it an interstate transaction. *Watson Industries v. Shaw, Comr. of Revenue, supra; McGoldrick v. Berwind-White Coal Min. Co.,* 309 U.S. 33, 84 L. Ed. 565; *Treasury of Indiana v. Wood Preserving Corp.,* 313 U.S. 62, 85 L. Ed. 1188; *International H. Co. v. Dept. of Treasury,* 322 U.S. 340, 88 L. Ed. 1313.

We are of the opinion, therefore, that the court below, on the facts agreed, correctly concluded that plaintiff is not entitled to recover the tax paid by him under protest. Therefore, the judgment entered must be

Affirmed.