JOSEPH LANE v. IOWA MUTUAL INSURANCE COMPANY.

(Filed 12 December 1962.)

1. **Insurance § 60—**

The right of an injured party, after recovery of unsatisfied judgment against insured, to recover against insurer in an assigned risk liability policy may not be defeated by the failure of insured to notify insurer of the accident or failure of insured to file an accident report with the Department of Motor Vehicles as required by statute.

2. **Appeal and Error § 1—**

The Supreme Court will not pass upon a constitutional question which was not raised and passed upon in the court below.

APPEAL by defendant from *Mallard, J.,* April 1, 1962, Regular Civil Term of WAKE.

This appeal is from a judgment which, after recitals, including a recital that the cause was heard in the Small Claims Division of Wake County Superior Court, provides:

"The Court, after having considered the evidence and stipulations of counsel and the contentions of the parties relative thereto, finds the following facts:

"1. That the plaintiff is an individual and the defendant a corporation duly organized and existing under the laws of the State of Iowa with its home office located in DeWitt, Iowa, and that the defendant is an insurance company engaged in the business of writing policies of insurance, including automobile liability insurance, and is licensed to do business in the State of North Carolina.

"2. That the plaintiff and defendant are properly before the Court, and the Court has jurisdiction of this matter.

"3. That the defendant issued a policy of liability insurance to Lemon Haley, which was an assigned risk policy and as such, had been certified to the North Carolina Department of Motor Vehicles as proof of financial responsibility; that in addition, said policy had been certified to the Department of Motor Vehicles of the State of North Carolina as proof of financial responsibility pursuant to the Financial Responsibility Act of 1957; that the same was a 'motor vehicle liability policy as defined in G.S. 20-279.21'; that said policy issued to Lemon Haley covered a 1950 Chevrolet automobile with limits of 5/10/5 and covered the period of May 15, 1958, to May 15, 1959.

"4. That said poilcy of insurance issued to Lemon Haley, S. Main St., Louisburg, North Carolina, contained inter alia, the agreements as follows:

'(b) To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including loss of use thereof caused by accident arising out of the ownership, maintenance or use of the automobile.'

"5. That plaintiff instituted suit against Lemon Haley in Franklin County Superior Court on or about the 29th day of September, 1959, alleging that due to the negligence of Lemon Haley, the plaintiff hit the shoulder of the road and struck a culvert causing damages to his automobile; that said complaint and summons were duly served on said defendant Haley by the Sheriff of Franklin County.

"6. That said Lemon Haley did not report the alleged accident to his insurance carrier, the defendant, Iowa Mutual Insurance Co., and did not notify said insurance company that a suit had been instituted against him; that said Lemon Haley did not file forms SRI and SR21 with the Department of Motor Vehicles of North Carolina; that plaintiff did not notify the Motor Vehicles Department of North Carolina that said Lemon Haley had been involved in the accident and there was no notice to the defendant, Iowa Mutual Insurance Company of any pending action or of the alleged accident.

"7. That on December 4, 1959, plaintiff obtained a judgment by default and inquiry that on February 29, 1960, the jury awarded damages against said Lemon Haley and in favor of the plaintiff in the amount of $677.70, plus interest from February 23, 1960 and thereafter on March 11, 1960, plaintiff's attorney advised defendant, Iowa Mutual Insurance Company, at its office in DeWitt, Iowa, that plaintiff had obtained final judgment against the said Lemon Haley.

"8. That the legal liability of Lemon Haley to plaintiff as damages because of the property damage arising out of the use of the insured automobile had been finally determined by the aforesaid judgment and that the defendant has not paid or tendered payment of any part of the said judgment against the insured.

"And the Court being of the opinion, upon the foregoing facts, that the plaintiff is entitled to judgment against the defendant in this action;

"It is, therefore, ORDERED, ADJUDGED AND DECREED, that the plaintiff have and recover of the defendant the sum of $677.70, plus interest from February 23, 1960, the costs of court in the suit entitled 'JOSEPH T. LANE v. LEMON HALEY, and the costs of this action to be taxed by the Clerk."

Defendant excepted "(t)o the foregoing judgment and the signing thereof" and appealed.

*Dupree, Weaver, Horton & Cockman for plaintiff appellee.*
*Teague, Johnson & Patterson for defendant appellant.*

BOBBITT, J.   Defendant contends the judgment should be reversed on the basis of the facts set forth in Finding of Fact No. 6.

Reference is made to *Swain v. Insurance Co.*, 253 N.C. 120, 116 S.E. 2d 482, where this Court, with reference to a similar factual situation,

cited and discussed the statutory and policy provisions relevant to decision.

Plaintiff had no legal right under policy or statutory provisions to sue defendant unless and until plaintiff first obtained a final judgment against Haley. His final judgment against Haley established the amount of Haley's legal obligation to plaintiff. Defendant's agreement was to pay the amount for which Haley became "legally obligated."

Under G.S. 20-279.21(f)(1), as construed in *Swain,* Haley's failure to comply with policy provisions as to notice of accident and of suit did not defeat plaintiff's right to recover from defendant the amount of the judgment by which Haley's legal obligation to plaintiff was finally determined.

With reference to the finding of fact that Haley "did not file forms SR1 and SR21 with the Department of Motor Vehicles of North Carolina," it is noted: G.S. 20-279.31(a) prescribes the penalties for failure to report an accident as required in G.S. 20-279.4. G.S. 20-279.4 prescribes the contents of a report filed as required in G.S. 20-166.1(b). We perceive no sound reason why the legal obligation of Haley or of defendant to plaintiff is impaired or affected by Haley's failure to file an accident report as required by statute.

With reference to the finding of fact that "plaintiff did not notify the Motor Vehicles Department of North Carolina that said Lemon Haley had been involved in the accident," it is noted: There is no finding that plaintiff failed to report the *accident.* It does not appear when plaintiff was advised that Haley was the driver who caused him to run off the road and strike the culvert. The accident occurred February 26, 1959, (so alleged and admitted in the pleadings) and plaintiff's action was commenced September 29, 1959. If plaintiff had failed to report the accident to the Department of Motor Vehicles as required by statute, such failure did not impair or affect the legal obligation of Haley or of defendant to plaintiff. Under G.S. 20-279.21 (f)(1), as construed in *Swain,* defendant's liability (within the limits of the compulsory coverage) for the payment of the damages for which Haley was "legally obligated" became absolute on February 26, 1959, when plaintiff's car was damaged, at which time the policy issued by defendant to Haley was in full force and effect.

In *Swain,* the policy under consideration was issued voluntarily by the defendant. Relevant to the constitutional question then raised, this Court said: "When defendant voluntarily issued its policy to Owens, it did so with full knowledge that the provisions of G.S. 20-279.21 (f)(1) became a part thereof as fully as if written therein; and, having

voluntarily assumed the risk, it may not challenge the constitutionality of the statutory provisions."

The policy now under consideration is referred to in the findings of fact (but not in the pleadings) as an assigned risk policy. There are no findings of fact as to the plans and procedures adopted for the issuance of assigned risk policies under G.S. 20-279.34 or as to the circumstances relating to the issuance by defendant to Haley of the policy now under consideration.

On appeal, by brief in this Court, defendant challenges for the first time the constitutionality of G.S. 20-279.21(f)(1) as construed in *Swain* when applied to an assigned risk policy. This constitutional question was not raised in the court below and may not be raised for the first time in this Court. *Phillips v. Shaw, Comr. of Revenue,* 238 N.C. 518, 78 S.E. 2d 314; *Baker v. Varser,* 240 N.C. 260, 267, 82 S.E. 2d 90; *Pinnix v. Toomey,* 242 N.C. 358, 367, 87 SE. 2d 893. "Therefore, in conformity with the well established rule of appellate courts, we will not pass upon a constitutional question unless it affirmatively appears that such question was raised and passed upon in the court below." *Denny, J.* (now C.J.), in *S. v. Jones,* 242 N.C. 563, 564, 89 S.E. 2d 129.

With reference to the constitutional question defendant belatedly attempted to raise, see *Sanders v. Traverlers Indemnity Company,* 144 F. Supp. 742.

As stated in *Swain* and quoted with approval in *Nixon v. Insurance Co.,* 255 N.C. 106, 109, 120 S.E. 2d 430: "The 1957 Act required *every owner* of a motor vehicle, as a prerequisite to the registration thereof, to show 'proof of financial responsibility' in the manner prescribed by G.S. Article 9A, Chapter 20, to wit, the 1953 Act. The manifest purpose of the 1957 Act was to provide protection, within the required limits, to persons injured or damaged by the negligent operation of a motor vehicle; and, in respect of a 'motor vehicle liability policy,' to provide such protection notwithstanding violations of policy provisions by the owner subsequent to accidents on which such injured parties base their claims."

On authority of our decision in *Swain,* the judgment of the court below is affirmed.

Affirmed.