FRANK A. JOHNSON AND WIFE, MARGIE B. JOHNSON; FARMERS MUTUAL FIRE INSURANCE ASSOCIATION, RANDOLPH COUNTY BRANCH, AND H. WADE YATES, TRUSTEE FOR THE FARMERS MUTUAL FIRE INSURANCE ASSOCIATION, RANDOLPH COUNTY BRANCH v. NORTH CAROLINA STATE HIGHWAY COMMISSION.

(Filed 1 May 1963.)

1. **Appeal and Error § 1—**

The Supreme Court will not decide a constitutional question which was not raised and considered in the court below.

2. **Eminent Domain § 7a—**

In proceedings by the owners of land to recover compensation for its taking by the State Highway Commission, allegations of defendant are deemed denied when the answer is not served on plaintiffs, and therefore when the answer alleges that the land in dispute was within the area of a prior right of way granted to the Commission for the highway prior to its relocation, the burden is upon the Commission to prove the defense and the court may not enter judgment until the correct location of the previously granted right of way has been properly ascertained. G.S. 136-108.

APPEAL by plaintiffs from *Johnston, J.,* November Term 1962 of RANDOLPH.

This is a civil action instituted by the plaintiffs pursuant to the provisions of Article 9, Chapter 136 of the General Statutes of North Carolina, and, more specifically, in accordance with G.S. 136-111, against the North Carolina State Highway Commission for damages growing out of the alleged taking of the property of the plaintiffs located in Randolph County, North Carolina.

The Highway Commission filed a verified answer in which it denied in pertinent part the allegation of the complaint except that the action was instituted within the time prescribed by statute.

For a further answer and defense, the defendant alleged that the work of relocating, reconstructing and improving Secondary Road No.

1530, known as Johnson Road, was done under Project 5.572, Randolph County; that on 20 September 1957 the plaintiffs executed a petition granting to the North Carolina State Highway Commission a 60-foot right of way for Secondary Road No. 1530 across a portion of plaintiffs' land described in the complaint, a photostatic copy of which was attached to the answer marked Exhibit "A" and incorporated therein by reference; that as Project 5.572 was reconstructed across plaintiffs' land, part of the old road was relocated; that the additional area of land taken was 0.15 of an acre, as will appear in blue on the Highway Commission's map filed in this proceeding as required by G.S. 136-106 (c); that 0.15 of an acre, shaded in green on said map, is that portion of the new road constructed within the area of the previously granted right of way; and that area previously within the 60-foot right of way which has been abandoned by the relocation of the road, contains 0.19 of an acre and appears on said map in yellow. The map referred to herein was prepared by the engineers of the defendant and was attached to the answer and identified as Exhibit "B" and made a part thereof by reference thereto.

The defendant filed in the Superior Court, where this action was pending, a Notice of Deposit, and has deposited with said court the sum of money estimated by the Commission to be just compensation for the taking of the additional 0.15 of an acre of plaintiffs' land.

The defendant further alleged in its answer that the relocating and improving of the Johnson Road had offset or diminished the damages, if any, caused by said relocation and improvement thereof.

The plaintiffs placed this case on the motion docket on 5 November 1962 for a pre-trial conference, according to the statement of case on appeal.

This cause came on for hearing at the November Term 1962 of the Superior Court of Randolph County and the Court heard the matter pursuant to the provisions of G.S. 136-108, over the objection of plaintiffs' counsel. Plaintiffs were not in court.

It was ascertained and determined by the court that the note held by the Farmers Mutual Fire Insurance Association, secured by a deed of trust to H. Wade Yates, Trustee, referred to in the complaint, had been paid in full and the deed of trust cancelled of record. Therefore, the court struck out the names of all parties-plaintiff to this action except Frank A. Johnson and wife, Margie B. Johnson. Whereupon, the court further found that the plaintiffs are the owners of the land described in the complaint in fee simple, subject only to the 60-foot right of way previously granted to the defendant by the plaintiffs in 1957.

The plaintiffs introduced no evidence; the defendant introduced Exhibits "A" and "B" and rested. The court proceeded to determine all issues raised by the pleadings other than the issue of damages. It was stipulated by counsel for the respective parties that plaintiffs might waive their request for the appointment of commissioners, and the appointment of commissioners was waived by plaintiffs' counsel.

Upon the facts determined, the court entered judgment on 28 November 1962 to the effect that 0.15 of an acre, shown in blue on the Highway map filed in the case, was all the additional land taken as the result of the relocation and improvement of the Johnson Road; that the previously granted 60-foot right of way within Project 5.572 contains 0.15 of an acre and appears in green on said map; that the previously granted 60-foot right of way which had been abandoned by the Highway Commission, contains 0.19 of an acre and appears in yellow on the aforesaid map.

The plaintiffs appeal, assigning error.

*Attorney General Bruton; Asst. Attorney General Harrison Lewis; Trial Attorneys John C. Daniel, Jr., and Andrew McDaniel for the State.*

*Ottway Burton for plaintiffs appellant.*

DENNY, C.J. The appellants undertake to challenge for the first time in this Court, the constitutionality of G.S. 136-108, which reads as follows: "After the filing of the plat, the judge, upon motion and ten (10) days' notice by either the Highway Commission or the owner, shall, either in or out of term, hear and determine any issue raised by the pleadings other than the issue of damages, including, if controverted questions of necessary and proper parties, title to the land, interest taken and area taken."

It is a well established rule of this Court that it will not decide a constitutional question which was not raised or considered in the court below.

In *Phillips v. Shaw, Comr. of Revenue,* 238 N.C. 518, 78 S.E. 2d 314, this Court said: "The question of constitutionality of the Act was not raised in the court below. It may not be raised for the first time in this Court. *Woodard v. Clark* 234 N.C. 215, 66 S.E. 2d 888; *S. v. Lueders,* 214 N.C. 558, 200 S.E. 22; *S. v. Cochran,* 230 N.C. 523, 53 S.E. 2d 663; *Trust Co. v. Waddell,* 237 N.C. 342, 75 S.E. 2d 151; 11 A.J. 720." See also *S. v. Jones,* 242 N.C. 563 89 S.E. 2d 129; *S. v. Grundler,* 251 N.C. 177, 111 S.E. 2d 1; *Lane v. Insurance Co.,* 258 N.C. 318, 128 S.E. 2d 398.

The only other question presented on this appeal is whether or not the exhibits alone, which constituted the only evidence introduced by the defendant with respect to the area of land taken in connection with Project 5.572 and the location of the previously granted right of way, were sufficient to sustain the findings of the court below in this respect.

As we construe the statutes governing this type of action, an answer not served on the opposing party (according to the record, defendant's answer was not served on the plaintiffs), is deemed denied as to all affirmative allegations therein. Exhibits "A" and "B" were incorporated in the defendant's answer and made a part thereof.

Therefore, in our opinion, since the plaintiffs alleged that the defendant Highway Commission had taken from them, in connection with the relocation and construction of Project 5.572, the area shown on the defendant's map Exhibit "B" in blue, as well as the area shown in green, the burden was upon the defendant to establish by competent evidence that the area shown on said map in green lies wholly within the 60-foot right of way as it existed along Johnson Road after it was taken over by the Highway Commission in 1957 and before the road was relocated and reconstructed under Project 5.572. When the correct location of the previously granted right of way has been properly ascertained, the plaintiffs having waived the appointment of commissioners, the case will be tried before a jury on the issue of damages for the additional land taken.

Error and remanded.