## IN THE MATTER OF TOMMY LEE McBRIDE.

(Filed 13 April, 1966.)

**1. Criminal Law § 173—**

No appeal lies from an order entered in a post-conviction hearing denying defendant a new trial, but a purported appeal may be treated as a petition for writ of *certiorari;* even so, the petition for *certiorari* must be denied in the absence of a showing of merit.

**2. Criminal Law § 23—**

The evidence at this post-conviction hearing *is held* to amply support the findings of the court that defendant had voluntarily, and after being advised of his rights, entered a plea of guilty, and that he was in no way coerced to enter the plea.

MOORE, J., not sitting.

PURPORTED appeal by Tommy Lee McBride, treated as petition for *certiorari,* from an order entered by *Johnston, J.,* on December 3, 1965. From FORSYTH.

At July 26 1965, Session of Forsyth Superior Court, before the Honorable Eugene G. Shaw, Judge Presiding, Tommy Lee McBride, then represented by Robert M. Bryant, Esq., his court-appointed counsel, pleaded guilty to a bill of indictment charging McBride and two others with (1) feloniously breaking into a building occupied by Edwin D. Shore and H. W. Shore, T/A Shore's Store, and (2) with the larceny of personal property of a value in excess of $200.00. Judgment imposing a prison sentence of five years was pronounced.

On September 20, 1965, McBride filed a petition asserting he was induced to enter said pleas under circumstances constituting a denial of his constitutional rights. The solicitor, answering, denied all of McBride's essential allegations. Since McBride's petition contained allegations relating to his said court-appointed counsel, the court appointed other counsel, namely, Eugene H. Phillips, Esq., to represent McBride in the post-conviction proceedings; and the matter was set for hearing at November 22, 1965, Session of Forsyth Superior Court before the Honorable Walter E. Johnston, Jr., the Presiding Judge.

At the hearing before Judge Johnston, the evidence consisted of the prior court records in the case and testimony as to what occurred when the pleas of guilty were entered at said July 26, 1965, Session, *viz.:* (1) The testimony of an attorney who, under court appointment, had represented a codefendant; (2) the testimony of Mr. Bryant; and (3) the testimony of the deputy sheriff assigned to courtroom duty at said July 26, 1965, Session.

At said hearing before Judge Johnston, McBride, while offered an opportunity to do so, of his own will and also in accordance with the advice of his counsel, Eugene H. Phillips, Esq., elected not to testify relating to the matters set forth in his petition.

At the conclusion of the hearing, Judge Johnston entered an order which, in material part, provides:

"And the Court further finds as a fact that in his trial before the Honorable Eugene G. Shaw at the July 26, 1965 Term of the Superior Court of Forsyth County upon a bill of indictment charging storebreaking and larceny, that he was represented by the Honorable Robert M. Bryant, a member of the North Carolina Bar, who had been appointed by the Court to represent this Petitioner as an indigent defendant; that he entered a plea of guilty to the charges of storebreaking and larceny after he had been advised by both his counsel and the Court that such carried with it a possible maximum punishment of twenty (20) years; that this plea of guilty was a voluntary act of the Petitioner; that he was in no way coerced by his counsel or by the Court nor was he promised any leniency or special consideration for entering such plea; that his counsel did nothing to undermine or in any way hamper his defense, but, to the contrary, conducted the defense in keeping with the standards of the North Carolina Bar.

"The Court is of the opinion that the Petitioner's constitutional rights have in no way been violated and denies his petition for a new trial.

"It Is Ordered that the Petitioner be remanded to the custody from which he was taken by this Court."

McBride excepted and gave notice of appeal.

*Attorney General Bruton and Assistant Attorney General Rich for the State.*

*Eugene H. Phillips for appellant-petitioner.*

Per Curiam. The record before us includes a transcript of the proceedings before Judge Shaw and of the proceedings before Judge Johnston. All of the findings of fact made by Judge Johnston are fully supported by the evidence and these findings of fact fully support Judge Johnston's order. Plaintiff failed utterly to support the allegations of his petition by his own testimony or otherwise.

No *appeal* lies from Judge Johnston's order. Judge Johnston's order is subject to review by this Court only upon allowance of its writ of *certiorari* as provided in G.S. 15-222. In the circumstances,

we treat McBride's purported appeal as a petition for writ of *certiorari;* and, when so considered, the petition is denied.

Appeal dismissed.

Petition for *certiorari* denied.

MOORE, J., not sitting.