EDWARD JOSEPH NOLAN, PETITIONER, v. STATE OF NORTH CAROLINA, RESPONDENT.

(Filed 10 July 1968.)

**1. Criminal Law § 181—**

No appeal lies from a final judgment entered upon a petition and proceeding for post-conviction review under the Post-Conviction Hearing Act, review being available only upon application by the petitioner or by the State for a writ of *certiorari*. G.S. 15-222.

**2. Same—**

An attempted appeal by petitioner from an adverse judgment entered in post-conviction review of the proceedings leading to his sentence of imprisonment is dismissed as improper by the Court of Appeals, G.S. 15-222, but the record docketed in the Court is considered as a petition for writ

of *certiorari*, and there being ample evidence to support the findings of fact which in turn support the conclusions of law of the trial judge, the petition is accordingly dismissed.

APPEAL by petitioner from *Falls, J.*, 29 January 1968 Session of CATAWBA Superior Court.

In July 1965 the petitioner, Edward Joseph Nolan, was charged in the Superior Court of Catawba County in five separate criminal cases with felonious breaking and entering and larceny and in one case with the crime of armed robbery. He was represented by court-appointed counsel and through his counsel in open court waived bills of indictment and entered pleas of guilty in all cases, and judgment of imprisonment was thereupon entered pursuant to which petitioner was committed to the State's Prison.

On 13 July 1967 petitioner, acting on his own behalf, initiated the present proceedings pursuant to G.S. 15-217 by filing in the Superior Court of Catawba County his petition for post-conviction review of the proceedings leading to his sentence of imprisonment. Petitioner asserts his constitutional rights were violated at the time of his arrest and in the proceedings resulting in the imposition of the sentence against him in that: (1) Immediately following his arrest he had been questioned for several hours by the police without the presence of legal counsel; (2) he was mentally deranged at the time of his arrest and at the time of his trial; and (3) his court-appointed attorney, now deceased, did not have adequate time to prepare for trial and did not adequately represent him. Following the filing of this petition, petitioner filed an affidavit of indigency and legal counsel was appointed to represent him at the post-conviction hearing. The matter was heard in the Superior Court of Catawba County in part on 11 August 1967 and was continued for the taking of additional testimony. Hearing was concluded on 9 February 1968, at which time petitioner appeared in person and through his court-appointed attorney. Upon the conclusion of the hearing the presiding judge entered an order making full findings of fact and conclusions of law and finding against the petitioner on all of his contentions. Based on these findings and conclusions judgment was entered determining the petition to be without merit, ordering it dismissed, and directing that the petitioner be remanded to the State Prison System for the service of the remainder of his sentence. From the entry of this judgment petitioner has attempted to appeal.

*T. W. Bruton, Attorney General, by Dale Shepherd, Staff Attorney, for the State.*

*Lewis E. Waddell, Jr., for petitioner appellant.*

PARKER, J.   No appeal lies from a final judgment entered upon a petition and proceeding for post-conviction review under the North Carolina Post-Conviction Hearing Act, review being available only upon application by the petitioner or by the State for a Writ of *Certiorari*. G.S. 15-222. Accordingly, the appeal which petitioner has attempted to make in this case is dismissed. We have, however, considered the record presently before us as a petition for a Writ of *Certiorari* to review the judgment sought to be appealed from and, thus considered, have carefully reviewed the entire record and considered all questions raised in the briefs. The petitioner has had a full and fair hearing upon his petition for post-conviction relief, at which he was present in person and represented by his legal counsel. There was ample evidence to support the findings of fact of the trial judge, such findings fully support his conclusions of law, and these findings and conclusions fully support the judgment denying petitioner relief. Accordingly, the record docketed in this Court is dismissed as an appeal and, considered as a petition for Writ of *Certiorari*, is

Denied.

MALLARD, C.J., and BROCK, J., concur.