BILLY WAYNE ALDRIDGE v. STATE OF NORTH CAROLINA

No. 6914SC187

(Filed 2 April 1969)

1. Criminal Law § 181— post-conviction review — writ of certiorari

No appeal lies from a final judgment entered upon a petition and proceeding for post-conviction review under the Post-Conviction Hearing Act, review being available only upon application by the petitioner or by the State for a writ of certiorari. G.S. 15-222.

2. Constitutional Law § 4; Criminal Law § 181— post-conviction statute — review of constitutionality on appeal

Where constitutionality of G.S. 15-220 providing that a withdrawal of a petition for post-conviction review shall constitute a waiver of any claim of denial of constitutional rights was not raised and passed upon in the superior court, the Court of Appeals will not consider its constitutionality on appeal.

PURPORTED appeal by petitioner from Clark, J., at the 7 October 1968 Session of DURHAM Superior Court.

This is an attempted appeal from the denial of a petition for a post-conviction hearing pursuant to G.S. 15-217, et seq. In a petition dated 19 June 1965, petitioner alleged that at the September 1963 Session of Durham Superior Court, on advice of counsel, he entered a plea of nolo contendere to a bill of indictment charging armed robbery and on said plea he was sentenced to State Prison for a period of not less than eighteen years nor more than twenty-two years; that he did not appeal from said sentence. He further alleged that his constitutional rights as guaranteed under the Federal and State Constitutions were substantially denied and violated at the time of and after his arrest; he alleged specific grounds of constitutional violations.

On 3 September 1965, petitioner filed a written, verified motion to withdraw his petition for post-conviction hearing. On the same day, Bickett, J., entered an order allowing the petition to be withdrawn; the following statement is found in the order: "It further appearing to the Court upon questioning the petitioner Billy Wayne Aldridge that it is his desire to withdraw his petition for a Post Conviction Hearing * * *.''

In August 1968, petitioner filed another petition for post-conviction review pursuant to G.S. 15-217, et seq., which petition alleges substantially the same grounds alleged in the first petition. On 8 October 1968, Clark, J., entered a judgment denying the second petition, setting forth in the judgment that a previous petition had been filed and withdrawn and that by virtue of G.S. 15-220 petitioner was not entitled to the relief sought in the second petition.

Thereafter, pursuant to a finding by the court that petitioner was indigent, John C. Randall, Esq., was appointed to represent defendant and the purported appeal to this court was taken.

*Attorney General Robert Morgan and Staff Attorney Dale Shepherd for the State.*

*John C. Randall for petitioner appellant.*

BRITT, J.

[1]　As was said by this court in *Nolan v. State,* 1 N.C. App. 618, 162 S.E. 2d 88, in an opinion by Parker, J., "[n]o appeal lies from a final judgment entered upon a petition and proceeding for post-conviction review under the North Carolina Post-Conviction Hearing Act, review being available only upon application by the petitioner or by the State for a Writ of *Certiorari.* G.S. 15-222. Accordingly, the appeal which petitioner has attempted to make in this case is dismissed." Nevertheless, we have considered the record presently before us as a petition for a writ of *certiorari* to review the judgment sought to be appealed from and, thus considered, have carefully reviewed the entire record and considered all questions raised in the briefs.

[2]　G.S. 15-220 contains the following proviso:

"* * * The court may, in its discretion, grant leave at any stage of the proceeding prior to entry of judgment to withdraw the petition. Withdrawal of a petition shall constitute a waiver of any claim of denial of constitutional rights or of other error

remediable under this article which has been alleged in the petition.  * * *"

The sole argument brought forward in petitioner's brief is that the quoted proviso is unconstitutional, being in conflict with sections 18 and 21 of Article I of the State Constitution and section 9(2) of Article I of the Federal Constitution.

In *Lane v. Insurance Co.*, 258 N.C. 318, 128 S.E. 2d 398, in an opinion by Bobbitt, J., we find the following:

"On appeal, by brief in this Court, defendant challenges for the first time the constitutionality of G.S. 20-279.21(f)(1) as construed in *Swain* when applied to an assigned risk policy. This constitutional question was not raised in the court below and may not be raised for the first time in this Court. *Phillips v. Shaw, Comr. of Revenue*, 238 N.C. 518, 78 S.E. 2d 314; *Baker v. Varser*, 240 N.C. 260, 267, 82 S.E. 2d 90; *Pinnix v. Toomey*, 242 N.C. 358, 367, 87 S.E. 2d 893. 'Therefore, in conformity with the well established rule of appellate courts, we will not pass upon a constitutional question unless it affirmatively appears that such question was raised and passed upon in the court below.' *Denny, J.* (now C.J.), in *S. v. Jones*, 242 N.C. 563, 564, 89 S.E. 2d 129."

Inasmuch as the constitutionality of the quoted proviso of G.S. 15-220 was not raised and passed upon in the superior court, we will not consider its constitutionality here.

For the reasons stated, the record docketed in this court is dismissed as an appeal and, considered as a petition for writ of *certiorari*, the same is

Denied.

MALLARD, C.J., and PARKER, J., concur.