LONNIE RAYVON SURRATT v. STATE OF NORTH CAROLINA

No. 47

(Filed 12 June 1970)

1. Habeas Corpus § 2— determination of legality of restraint

   Superior court properly denied a prisoner's petition for writ of *habeas corpus*, where it made findings that the court which tried the prisoner had jurisdiction over both the prisoner and the offense at the time of his trial and that the judgment entered was authorized by law.

2. Habeas Corpus § 4— review of habeas corpus proceedings

   Except in cases involving the custody of minor children an appeal is not allowed from a judgment entered in a *habeas corpus* proceeding, such judgment being reviewable only by way of *certiorari* if the court in its discretion chooses to grant such writ.

APPEAL by petitioner under G.S. 7A-30(1) from decision of the North Carolina Court of Appeals in 7 N.C. App. 398, 172 S.E. 2d 102.

At the 18 March 1963 Session of Davidson Superior Court, petitioner, indicted for murder in the first degree, through counsel entered a plea of guilty of murder in the second degree and was sentenced to a prison term of not less than 25 nor more than 30 years. At the same term he also pleaded guilty to a charge of breaking, entering, and larceny and was sentenced to a prison term of 7 to 10 years, to begin at the expiration of the sentence imposed on the murder charge. Petitioner is now serving these sentences.

In June, 1968 petitioner filed a petition for a writ of habeas corpus which was heard before Judge Allen Gwyn, Judge Presiding at the November, 1968 Special Criminal Session of Davidson County Superior Court. Judge Gwyn took the petition under advisement but rendered no decision thereon. On 9 May 1969 petitioner, represented by court-appointed attorney, was allowed to withdraw the petition filed before Judge Gwyn. On 17 June 1969 he filed an amended ap-

plication for writ of habeas corpus alleging that his imprisonment is illegal because of constitutional violations in connection with his arrest and trial. A hearing was held on this amended application on 2 October 1969 before Judge Hubert May, Judge Presiding at the 22 September 1969 Criminal Session of the Superior Court of Davidson County. After hearing the testimony of the petitioner and his witnesses, Judge May held that petitioner was lawfully restrained and denied petitioner's prayer that he be released. Petitioner appealed to the North Carolina Court of Appeals. In an opinion written by Britt, J., concurred in by Brock and Graham, JJ., the appeal was dismissed for the reason that no appeal lies from a judgment rendered on a return of a writ of habeas corpus to obtain freedom from restraint, review being solely by *certiorari.* The Court of Appeals, treating the purported appeal as a petition for *certiorari,* denied *certiorari.*

*Attorney General Robert Morgan and Staff Attorney Edward L. Eatman, Jr., for the State.*

*William H. Steed for petitioner appellant.*

PER CURIAM.

The petitioner appealed to this Court under G.S. 7A-30(1).

Judge May, in the judgment entered 2 October 1969, found that the Superior Court of Davidson County had jurisdiction over both the petitioner and the offense at the time of his trial and that the judgment entered was authorized by law. Upon this finding Judge May properly denied the petition for writ of habeas corpus. *State v. Cannon,* 244 N.C. 399, 94 S.E. 2d 339. The Court of Appeals correctly held that except in cases involving the custody of minor children an appeal is not allowed from a judgment entered in a habeas corpus proceeding, such judgment being reviewable only by way of *certiorari* if the court in its discretion chooses to grant such writ. *State v. Lewis,* 274 N.C. 438, 164 S.E. 2d 177; *In re Lee Croom,* 175 N.C. 455, 95 S.E. 903; 4 Strong's N. C. Index 2d, Habeas Corpus § 4.

The Court of Appeals dismissed the appeal and in its discretion refused to grant *certiorari.* In this we find no error.

The decision of the Court of Appeals is

Affirmed.