STATE OF NORTH CAROLINA v. ARVIL LEE JOHNSON

No. 7317SC641

(Filed 12 December 1973)

1. **Criminal Law § 181; Habeas Corpus § 4— post-conviction proceeding — habeas corpus proceeding — review by writ of certiorari**
    Except in cases involving the custody of minor children, no appeal lies from a judgment entered in a habeas corpus proceeding, nor does an appeal lie from a final judgment entered in a proceeding for post-conviction review; rather, such judgments are reviewable only by writ of *certiorari.*

2. **Criminal Law § 181— appeal from post-conviction hearing — treatment as petition for certiorari**
    Defendant's attempted appeal from a post-conviction proceeding is treated as a petition for writ of *certiorari* by the Court of Appeals and is denied where the record indicates that defendant's constitutional rights were not denied him in any respect before, during or after his trial.

PURPORTED appeal by defendant from *Kivett, Judge,* 7 May 1973 Session of Superior Court held in SURRY County.

At the 3 January 1972 Session of Superior Court held in Surry County defendant was found guilty of second-degree murder. From judgment entered he appealed to this Court, which found no error in opinion filed 28 June 1972. *State v. Johnson,* 15 N.C. App. 244, 189 S.E. 2d 542.

On 4 December 1972 defendant filed in the Superior Court in Surry County a document entitled "Application for Writ of Habeas Corpus." In this he alleged certain deprivations of his constitutional rights in connection with the return of the indictment against him and in connection with his trial, including allegations that he had been denied effective assistance of counsel. After this document was filed, defendant was found to be an indigent and his present counsel was appointed to represent him in connection with the further proceedings in this matter. By motion to amend, filed 4 May 1973, defendant alleged additional grounds in support of his contentions that he had been deprived of effective assistance of counsel at his trial and in connection with the appeal therefrom.

Hearing was held on defendant's application and the amendment thereto before Judge Charles T. Kivett at the 7 May 1973 Session of Superior Court in Surry County, the matter being treated as a post-conviction proceeding and the petitioner being present and represented by his present court-appointed counsel. At conclusion of the hearing Judge Kivett signed an order, dated 11 May 1973, in which he made full findings of fact on the basis of which he concluded that none of defendant's constitutional rights had been denied him in any respect before, during or after his trial. In accord with this conclusion, Judge Kivett denied defendant any relief. To this order defendant excepted and now attempts to appeal.

*Attorney General Robert Morgan by Assistant Attorney General Ralf F. Haskell for the State.*

*Franklin Smith for defendant petitioner.*

PARKER, Judge.

[1] Except in cases involving the custody of minor children, no appeal lies from a judgment entered in a habeas corpus proceeding, such judgment being reviewable only by way of *certiorari* if the court in its discretion chooses to grant such writ. *Surratt v. State,* 276 N.C. 725, 174 S.E. 2d 524; *In re Wright,* 8 N.C. App. 330, 174 S.E. 2d 27. Similarly, no appeal lies from a final judgment entered in a proceeding for post-conviction review, in such case also review being available only by way of *certiorari.* G.S. 15-222; *In re McBride,* 267 N.C. 93, 147 S.E. 2d 597; *Aldridge v. State,* 4 N.C. App. 297, 166 S.E. 2d 485; *State v. Green,* 2 N.C. App. 391, 163 S.E. 2d 14; *Nolan v. State,* 1 N.C. App. 618, 162 S.E. 2d 88.

**[2]** Petitioner has filed in this Court a motion that this purported appeal be considered as a petition for a writ of *certiorari*. This motion has been allowed, and we have so considered the record docketed in this Court. After careful review of the entire record, we find that petitioner has had a full and fair hearing on his petition, there was ample evidence to support Judge Kivett's findings of fact, and these in turn support the court's conclusions of law and the judgment entered which denied petitioner any relief. We find no reason to grant the petition for the writ of *certiorari*.

Accordingly, the record docketed in this Court, considered as an attempted appeal, is dismissed, and, considered as a petition for writ of *certiorari*, is

Denied.

Chief Judge BROCK and Judge VAUGHN concur.