VSA, INC., D/B/A/ VSA CAROLINAS, Plaintiff v. JANICE H. FAULKNER, Secretary of Revenue, in her official capacity, Defendant

No. COA96-758

(Filed 3 June 1997)

**Taxation § 134 (NCI4th)— wholesaler—sales to out-of-state purchasers—delivery to North Carolina customers—wholesale tax inapplicable**

Plaintiff wholesaler's sales of candy and similar products to out-of-state purchasers was not subject to the wholesale tax because the purchasers directed plaintiff to "drop ship" the products directly to the purchasers' customers in North Carolina. Plaintiff's out-of-state customers resold the products "outside this state" to their customers in North Carolina, and plaintiff's "drop shipment" of the products did not transform what would otherwise be a sale outside the state into a sale within the state.

**Am Jur 2d, Sales and Use Tax §§ 74 et seq.**

**Sales or use tax on motor vehicle purchased out of state. 45 ALR3d 1270.**

Appeal by plaintiff from order entered 3 April 1996 by Judge Narley L. Cashwell in Wake County Superior Court. Heard in the Court of Appeals 26 February 1997.

*Womble Carlyle Sandridge & Rice, PLLC, by Jasper L. Cummings, Jr. and Christopher T. Graebe, for plaintiff-appellant.*

*Attorney General Michael F. Easley, by Assistant Attorney General Kay Linn Miller Hobart, for defendant-appellee.*

WALKER, Judge.

Plaintiff is engaged in business in North Carolina as a wholesaler of candy and similar products and is registered here as a retail and wholesale merchant. In the transactions at issue in this case, plaintiff sold its products to several purchasers who were located outside of North Carolina. These purchasers then resold the products to their customers, who were primarily fundraising groups. Instead of shipping the products to the purchasers who would then ship the products to their customers, the purchasers directed the plaintiff to ship the products directly to the purchasers' customers, some of which were located in North Carolina. This type of shipping arrangement is known as a "drop shipment."

Plaintiff considered these sales as non-taxable and therefore did not collect a wholesale tax. Defendant audited plaintiff and assessed wholesale taxes in the amount of $69,230.27 plus interest pursuant to N.C. Gen. Stat. § 105-164.5(2) (1995). Plaintiff paid the tax and filed this action on 21 April 1995 seeking a refund under N.C. Gen. Stat. § 105-267 (1995), in addition to attorney fees, expenses and costs. Both parties moved for summary judgment. The trial court denied plaintiff's motion and granted defendant's motion in an order filed 8 April 1996.

"Summary judgment is a device whereby judgment is rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. When the only issues to be decided are

issues of law, summary judgment is proper." *Brawley v. Brawley*, 87 N.C. App. 545, 548, 361 S.E.2d 759, 761 (1987), *disc. review denied*, 321 N.C. 471, 364 S.E.2d 918 (1988) (citations omitted). Here, only issues of law exist and we must determine whether the trial court correctly entered summary judgment in favor of the defendant.

The wholesale tax assessed against plaintiff was pursuant to N.C. Gen. Stat. § 105-164.5(2) (1995) which provides:

> The sale of any tangible personal property by any wholesale merchant to anyone other than to a registered retailer, wholesale merchant, or nonresident retail or wholesale merchant for resale shall be taxable at the rate provided in this Article upon the retail sale of tangible personal property.

Without question the plaintiff is a wholesale merchant making sales of tangible property.

Further, N.C. Gen. Stat. § 105-164.3(10) (1995) defines "nonresident retail or wholesale merchant" as:

> a person who does not have a place of business in this State, is engaged in the business of acquiring, by purchase, consignment, or otherwise, tangible personal property and selling the property outside the State, and is registered for sales and use tax purposes in a taxing jurisdiction outside the State.

Thus, the plaintiff was properly assessed the wholesale tax unless it can show that its out-of-state purchasers (1) did not have a place of business in North Carolina; (2) were engaged in the business of acquiring by purchase, consignment, or otherwise, tangible personal property; (3) were selling this personal property outside this State; and (4) were registered for sales and use tax purposes in a taxing jurisdiction outside this State.

Plaintiff asserts that its out-of-state purchasers meet the above definition and that the sales by these out-of-state purchasers to customers in this State are not subject to sales tax because they are "sales outside the state." Further, the use of the "drop shipment" method of delivery does not change the fact that the sales of the products from out-of-state purchasers to their customers are "sales outside this state."

Defendant argues that the facts of the record demonstrate that because plaintiff delivered the products in this State, plaintiff's out-of-state purchasers were not selling the products outside the State,

but that these sales were wholly intrastate. Thus, defendant contends summary judgment in its favor was proper.

Defendant relies on its interpretation of N.C. Gen. Stat. § 105-164.3 (15) (1995) which provides in part:

"Sale" or "selling" shall mean any transfer of title or possession, or both, exchange, barter, lease, license to use or consume, or rental of tangible personal property, conditional or otherwise, in any manner or by any means whatsoever, however effected and by whatever name called, for a consideration paid or to be paid. . . .

Defendant concludes from its reading of this statute that since the products were delivered from a point within this State to other locations here, both title and possession, either of which is sufficient for imposition of the tax under the above statute, passed within the State.

Plaintiff counters that "sale" and "selling" describe the nature of a legal transaction that occurs between a seller and a purchaser and whether or not the transaction is supported by consideration, regardless of whether title to the property is transferred. Plaintiff further contends the definition of "sale" does not depend on delivery or some other physical act involving the property.

Defendant supports the assessment of the sales tax with the affidavit of William C. Smith, an administrative officer with the North Carolina Department of Revenue. Smith stated that, "The department assessed sales tax on sales of tangible personal property by taxpayer [plaintiff] to its out-of-state purchasers who directed taxpayer [plaintiff] to ship the property directly to purchasers' customers within North Carolina." Smith further testified that the policy of the department is as follows:

When a vendor, such as VSA, located in North Carolina sells tangible personal property to an out-of-state purchaser, not registered with the department for sales tax purposes, who instructs the North Carolina vendor to deliver the property directly to the third party customer at a point within North Carolina, the transaction occurs totally within North Carolina, constitutes a sales tax transaction, and is presumed to be a taxable sale until the contrary is established.

**VSA, INC. v. FAULKNER**

[126 N.C. App. 421 (1997)]

The plaintiff offered evidence which verified the following: The products were purchased by its out-of-state purchasers pursuant to an itemized bill of sale; these products were ordinarily purchased for resale; the drop shipment method of delivery was utilized to save the time and expense of having the products shipped to them outside the state and then reshipping the products to their customers in this State; these purchasers do not have places of business in this State; and none of the purchasers are registered here for sales and use tax purposes, but all are registered with other taxing jurisdictions. Further, plaintiff showed that all activities relating to the property which was drop shipped by plaintiff occurred outside this State. Moreover, the defendant admits that plaintiff would not be required to collect a sales tax had plaintiff shipped the products directly to its out-of-state purchasers who in turn would reship the products to their customers in this State. If defendant was entitled to presume that the drop shipment of products in this State was a "taxable sale until the contrary is established," the plaintiff's evidence clearly refutes this presumption and it necessarily follows that the plaintiff's out-of-state purchasers did not make a "sale" in North Carolina.

From this evidence, we conclude the plaintiff's out-of-state purchasers resold the products "outside this state" to its customers in North Carolina and the plaintiff's "drop shipment" of the products did not operate to transform what would otherwise be a sale outside of the State into a sale within the State. As such, plaintiff's out-of-state purchasers meet the definition of "nonresident retail or wholesale merchants" under N.C. Gen. Stat. § 105-164.3(10) and plaintiff was incorrectly assessed wholesale taxes, under N.C. Gen. Stat. § 105-164.5(2), on its sales to them.

Defendant cites *Phillips v. Shaw*, 238 N.C. 518, 78 S.E.2d 314 (1953), in support of its contention that the sales occurred within the State. However, there the Court found that in addition to delivery of the property here, the contract of sale and purchase were consummated in this State. *Id.* at 522, 78 S.E.2d at 316.

The trial court erred in granting summary judgment for the defendant. We remand this matter to the trial court for entry of summary judgment in favor of the plaintiff.

Reversed.

Judges GREENE and McGEE concur.